

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1647-06

**JAMES MALONE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### BRAZORIA COUNTY

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

The court of appeals held that the corroborating, non-covert agent evidence at James

Malone's trial did not sufficiently "tend to connect" Malone to the offense of possession of

a controlled substance with intent to deliver under the rule governing testimony from a covert

agent, Article 38.141 of the Texas Code of Criminal Procedure.[1]   We hold that the

corroborating evidence is sufficient and reverse the judgment of the court of appeals.

---

[1]  *Malone v. State*, No. 14-05-00033-CR, 2006 Tex. App. LEXIS 6951, at *7 (Tex.
App.—Houston [14th Dist.] Aug. 3, 2006 (not designated for publication).

## Background

Jay Grimes, a narcotics investigator with the Clute Police Department, initiated a narcotics investigation of Malone in the fall of 2003. Toward that end, Investigator Grimes used two informants, Jason Harris and Christopher Olachia, to make a controlled buy of crack cocaine from Malone. Investigator Grimes gave Harris and Olachia $1,000 cash and a tape recorder to capture the transaction. He then thoroughly searched Harris and Olachia and their car to ensure the validity of the transaction and instructed Harris and Olachia not to communicate with anyone other than Malone. After this, Investigator Grimes followed Harris and Olachia to Malone's house in an unmarked patrol car, watching them the entire way.

On arrival, Investigator Grimes parked his unmarked police car adjacent to Malone's house so that he could watch Harris and Olachia. Malone was outside of his house helping a woman maneuver her car out of his muddy driveway. With Investigator Grimes watching, Harris and Olachia joined Malone as he continued to help the woman free her car from the mud. When the woman's car was finally freed, Harris and Olachia followed Malone inside the house. Although no one initially entered the house with Harris, Olachia, and Malone, at trial Olachia testified that an unknown man entered and left the house while they were there. Olachia further testified that Malone cooked the crack cocaine while they waited. After waiting for approximately an hour and twenty minutes, Harris and Olachia purchased $1,000 worth of crack cocaine and returned in their car to the police department, followed by

Investigator Grimes.

Once at the police station, Investigator Grimes searched Harris and Olachia and their car, collected the crack "cookies," and retrieved the tape recording of the transaction. The search revealed that Harris and Olachia no longer had the $1,000 and that they had several cookies of crack.

At trial, the State played Olachia's recording of the drug transaction for the jury with intermittent stops to allow Olachia to describe what was taking place and to identify the voices on the tape. The State offered Investigator Grimes's testimony to corroborate the events described by Olachia on the recording.

The jury found Malone guilty of possession of a controlled substance with intent to deliver and sentenced him to twenty-five years' imprisonment.

The Fourteenth Court of Appeals reversed and entered a judgment of acquittal.[2] The court of appeals held that the evidence against Malone was legally insufficient because the judgment was based on insufficiently corroborated testimony of a covert agent in contravention of Texas Code of Criminal Procedure, Article 38.141.[3] The court concluded that the evidence was insufficient to connect Malone to the crime because, not only was Olachia the only witness who was able to identify Malone's voice on the tape recording, he

---

[2] *Malone*, 2006 Tex. App. LEXIS 6951, at *5-7.

[3] *Id.*

was the only individual to describe what occurred on the tape.[4] The court noted that, although the evidence offered by the State showed that Malone was "present at the scene of the crime," it was not sufficient to corroborate Olachia's testimony "absent . . . other suspicious circumstances" that would tend to connect Malone to the offense.[5]

We granted the State's petition for discretionary review, which presents three questions for our consideration:

1. Is a defendant "merely present" when a substantial drug transaction is made at his residence when he is at home and has invited the purchasers inside?

2. Is evidence that would supply probable cause to arrest a defendant sufficient to "tend to connect" him to the commission of the offense under Tex. Code Crim. Proc. Ann. art. 38.141?

3. Does evidence that affirmatively links a defendant to contraband "tend to connect" him to the commission of the offense under Tex. Code Crim. Proc. Ann. art. 38.141?

**Analysis**

Article 38.141 of the Texas Code of Criminal Procedure, which governs testimony provided by a covert agent in a case where the defendant is charged with an offense under Chapter 481 of the Texas Health and Safety Code, states:

(a) A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the

---

[4] *Id.* at *5-6.

[5] *Id.*

testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.

(c) In this article, 'peace officer' means a person listed in Article 2.12, and 'special investigator' means a person listed in Article 2.122.[6]

Because the State's grounds for review ultimately implicate the proper sufficiency standard of review for corroborating evidence under Article 38.141(a), the issues before us require us to confront the larger question—what standard applies in determining whether covert agent testimony is sufficiently corroborated by other evidence that tends to connect the defendant to the offense? Lower appellate courts, including the court of appeals in this case, have applied the standard set out in our cases analyzing sufficiency under the accomplice-witness rule provided in Article 38.14, Texas Code of Criminal Procedure.[7] The accomplice-witness rule states: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission

---

[6] TEX. CRIM. PROC. CODE ANN. art. 38.141 (Vernon 2005).

[7] *See* TEX. CRIM. PROC. CODE ANN. art. 38.14 (Vernon 2005); *Malone*, 2006 Tex. App. LEXIS 6951, at *2-3; *Simmons v. State*, 205 S.W.3d 65, 71-72 (Tex. App.—Fort Worth 2006, no pet.); *Dennis v. State*, 151 S.W.3d 745, 748-49 (Tex. App.—Amarillo 2004, pet. ref'd) (per curiam); *Brown v. State*, 159 S.W.3d 703, 707 (Tex. App.—Texarkana 2004, pet. ref'd); *Jefferson v. State*, 99 S.W.3d 790, 793 (Tex. App.—Eastland 2003, pet. ref'd); *Young v. State*, 95 S.W.3d 448, 450-51 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Cantelon v. State*, 85 S.W.3d 457, 459-61 (Tex. App.—Austin 2002, no pet.).

of the offense."[8]  This rule is a "statutorily imposed review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards."[9]

When evaluating the sufficiency of corroboration evidence under the accomplice-witness rule, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime."[10]  To meet the requirements of the rule, the corroborating evidence need not prove the defendant's guilt beyond a reasonable doubt by itself.[11]  Rather, the evidence must simply link the accused in some way to the commission of the crime and show that "rational jurors could conclude that this evidence sufficiently tended to connect [the accused] to the offense."[12]  There is no set amount of non-accomplice corroboration evidence that is required for sufficiency purposes; "[e]ach case must be judged on its own facts."[13]  In the past, we have observed that circumstances that are apparently insignificant may constitute sufficient evidence of corroboration.[14]  Additionally, we have

---

[8] T EX. CRIM. PROC. CODE ANN. art. 38.14.

[9] *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007).

[10] *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).

[11] *Trevino v. State*, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999); *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).

[12] *Hernandez v. State,* 939 S.W.2d 173, 179 (Tex. Crim. App. 1997).

[13] *Gill*, 873 S.W.2d at 48.

[14] *Trevino*, 991 S.W.2d at 852.

stated that "[p]roof that the accused was at or near the scene of the crime at or about the time of its commission, when coupled with other suspicious circumstances, may tend to connect the accused to the crime so as to furnish sufficient corroboration to support a conviction."[15] But "mere presence alone of a defendant at the scene of a crime is insufficient to corroborate accomplice testimony."[16]

Applying the accomplice-witness sufficiency-corroboration standard to the covert-agent rule, the Austin Court of Appeals determined that the Legislature's use of "substantially the same language" in Articles 38.14 and 38.141 "suggests that the legislature intended the same standard for corroboration to apply to accomplice witnesses" and covert agents.[17] The court further observed that Articles 38.14 and 38.141 have a similar purpose—to ensure that the jury does not consider the testimony from an accomplice or covert agent "unless it finds that the witness is telling the truth and that other evidence corroborates the discredited witness's testimony."[18] The court then held: "Because [a covert agent], like an accomplice, could fall into the same class of a discredited witness with selfish interests and possibly corrupt motives, the legislature has imposed the same standard of

---

[15] *Brown v. State*, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984).

[16] *Golden v. State*, 851 S.W.2d 291, 294 (Tex. Crim. App. 1993) (citing *Meyers v. State*, 626 S.W.2d 778, 780 (Tex. Crim. App. 1982)).

[17] *Cantelon*, 85 S.W.3d at 459-62.

[18] *Id.* at 460.

corroboration for [a covert agent's] testimony."[19]

We find the reasoning of the Austin Court of Appeals persuasive. Therefore, we hold that the standard for evaluating sufficiency of the evidence for corroboration under the accomplice-witness rule applies when evaluating sufficiency of the evidence for corroboration under the covert-agent rule. Accordingly, when weighing the sufficiency of corroborating evidence under Article 38.141(a), a reviewing court must exclude the testimony of the covert agent from consideration and examine the remaining evidence (i.e., non-covert agent evidence) to determine whether there is evidence that tends to connect the defendant to the commission of the offense.

In line with our determination, the State, in its brief, confines its arguments concerning the use of evidence to support probable cause to arrest and evidence that affirmatively links a defendant to contraband to non-covert agent evidence. The State contends that the non-covert agent evidence would have been sufficient to supply probable cause and therefore is sufficient to tend to connect Malone to the offense. The State further maintains that the non-covert agent evidence that would affirmatively link Malone to the drugs under our case law[20] would also provide sufficient corroborating evidence under Article 38.141. These arguments offer only alternative ways of demonstrating that the non-covert agent evidence in this case is sufficient to tend to connect Malone to the offense. The

---

[19] *Id.*

[20] *See Poindexter v. State*, 153 S.W.3d 402, 410 (Tex. Crim. App. 2005); *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).

same non-covert agent evidence that supports probable cause to arrest or that affirmatively links a defendant to drugs may also, depending on the particular case, "tend to connect" a defendant to an offense. However, the introduction of either probable cause or affirmative links legal principles into a sufficiency analysis under Article 38.141 would unnecessarily complicate—at the expense of the bench and bar—a well-established standard. In light of this consideration, we can think of no reason to import separate legal principles into the corroboration sufficiency analysis under Article 38.141(a).

Because the State's arguments can be appropriately characterized as a challenge to the court of appeals's conclusion, we will now consider whether the court of appeals erred in holding that the corroborating evidence was insufficient to connect Malone to the offense. The non-covert agent evidence establishes the following: (1) Investigator Grimes enlisted Harris and Olachia as informants; (2) Harris and Olachia and their vehicle were searched prior to the deal to ensure that Harris and Olachia did not have any drugs before their contact with Malone; (3) Investigator Grimes provided Harris and Olachia with $1,000 cash and a tape recorder; (4) Investigator Grimes followed Harris and Olachia to Malone's house, keeping them in sight the entire way; (5) upon arrival at Malone's house, Investigator Grimes witnessed Malone, Harris, and Olachia help an unknown woman remove her vehicle from the mud in Malone's driveway; (6) Investigator Grimes observed Malone, Harris, and Olachia enter Malone's house with Malone's permission; (7) after roughly eighty minutes, Harris and Olachia left Malone's house, returned to the Clute Police department followed by

Investigator Grimes, and turned over the tape recording and the cookies of crack cocaine.

In concluding that the corroborating evidence was insufficient, the court of appeals held that the tape recording failed to tend to connect Malone to the offense without Olachia's testimony:

> Because there is no identification of the voices on the tape recording without Olachia's testimony, the tape recording does not tend to connect [Malone] to the offense, and without Olachia's testimony describing what occurred, we are not even able to discern from the tape that a drug transaction was occurring.[21]

However, the tape recording, as argued by the State, constitutes an important piece of corroborating evidence. Even without Olachia's testimony, jurors could rationally connect the voices heard on the recording to the corresponding persons.[22] First, with the sequence of events before the jury through Investigator Grimes's testimony, the jury heard Harris and Olachia talking while en route to Malone's house. Investigator Grimes also identified Malone and placed him in front of the house helping an unnamed woman get her car out of the mud in his driveway. Mindful of the entry of Malone's voice on the tape, jurors could follow the voices heard on the tape and pinpoint Malone's voice among the other voices on the tape, including the unidentified male voice that was heard on the tape while Harris and Olachia were in Malone's house. From this, the jury could identify Malone as the person that told Harris and Olachia to "come in and wait" while he "put it together" and who later told Olachia that "Y'all going to be, 'Cooked to customer satisfaction.'"

---

[21] *Malone*, 2006 Tex. App. LEXIS 6951, at *5.

[22] *See Angleton v. State*, 971 S.W.2d 65, 68-69 (Tex. Crim. App. 1998).

Taken as a whole, the non-covert agent evidence shows more than mere presence. The jury could have rationally found that the corroborating evidence sufficiently tended to connect Malone to the delivery of the crack cocaine as required by Article 38.141. Finally, because we conclude that there was sufficient corroborating evidence to tend to connect Malone to the offense after considering all of the corroborating evidence, we do not need to address the State's first ground for review—whether Malone was "merely present" when a substantial drug transaction was made at his house and he invited Harris and Olachia inside.

## Conclusion

We reverse the judgment of the court of appeals and remand the case to the court of appeals so that it can address Malone's second point of error—that the trial judge erred in admitting evidence.

DATE DELIVERED: May 7, 2008
PUBLISH