

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00028-CR

_____

ELIJAH LORENZO COLBERT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0820610

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

During the jury trial resulting in the conviction of Elijah Lorenzo Colbert for aggravated robbery with a deadly weapon,[1] the evidence included accomplice testimony and testimony from a hearsay source.[2] In general, the evidence shows that three black males, wearing stocking masks and brandishing pistols, broke into a house, ordered two older men to the floor, and robbed them at gunpoint while threatening to shoot them both. After investigation that centered police attention on certain individuals and resulted in the recovery of many of the stolen items, a participant admitted involvement and identified Colbert as one of the other robbers.

Colbert complains on appeal that the co-defendant's testimony was not adequately corroborated and that other, hearsay, testimony was erroneously admitted over his objection. We affirm the trial court's judgment because (1) the accomplice-witness testimony was adequately corroborated, and (2) the erroneous admission of hearsay testimony was harmless.

*(1)*    *The Accomplice-Witness Testimony Was Adequately Corroborated*

Testimony from accomplice witnesses must be corroborated. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). The test under the statute as applied is whether, after excluding the accomplice's testimony, there is other evidence of an incriminating character which tends to connect the defendant with the commission of the offense. *Castillo v. State*, 221 S.W.3d 689, 691

---

[1]In a companion appeal, also decided this day, Colbert was also convicted of engaging in organized criminal activity as a result of his participation in a second offense, burglary of a building, and was sentenced to life in prison.

[2]Colbert was sentenced to twenty years' imprisonment.

(Tex. Crim. App. 2007). The corroborating testimony needs only to link the accused to the commission of the crime so that "rational jurors could conclude that this evidence sufficiently tended to connect [the accused] to the offense." *Malone v. State*, 253 S.W.3d 253 (Tex. Crim. App. 2008).

Colbert does not argue that there is no other evidence tending to connect him with the offense. Colbert argues, without resort to supporting authority, that other witnesses were in some way connected with the co-defendant—father, girlfriend, former girlfriend, or cousin—and, for that reason, their testimony did not provide the needed corroboration.

The statute does not require the corroborating evidence to come from any particular source or group of sources. It requires only that the corroborating evidence must be from a source other than the accomplice. Corroborating evidence was presented that did come from other sources than the accomplice. The requirement of the statute was thus met.

The contention of error is overruled.

*(2)    The Erroneous Admission of Hearsay Testimony Was Harmless*

Colbert also complains that hearsay was improperly admitted into evidence when a police officer testified that Jermain Dennis (not a defendant) had told the officer during the course of the investigation that Dennis and others—including Colbert and other defendants connected with these robberies—were members of the Crips gang.

Counsel lodged a hearsay objection. After a lengthy discussion, the testimony was

admitted as a statement made against interest by the declarant, as it tended to subject Dennis to criminal liability. *See* TEX. R. EVID. 803(24). When a statement tends to expose the declarant to criminal liability, it is admissible. *Walter v. State*, 267 S.W.3d 883, 891 (Tex. Crim. App. 2008). The voir dire showed that, at the time of the statement, Dennis was also under investigation for the offenses.[3] The State also declared that Dennis was also involved in "other pending charges, some other robbery charges as well in different cases not associated with this . . . ." Being a member of a gang is not a criminal act. Admitting evidence of membership in a gang with a history of involvement in criminal activity would obviously sharpen the investigator's extant focus more strongly on Dennis as a suspect. The question is whether this information meets the entrance requirements of Rule 803(24) of the Texas Rules of Evidence.

A two-step foundation requirement is set out in Rule 803(24) of the Texas Rules of Evidence. *Walter v. State*, 293 S.W.3d 886, 890 (Tex. App.—Texarkana 2009, pet. ref'd). First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant realized such when he or she made the statement. *Id*. at 890–91. Second, the trial court must determine whether there are sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement. *Id*. at 891. Thus, the first stage of this review permits admission under the rule only when the statement itself tends to subject the declarant to criminal liability. *See Dewberry v. State*, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999).

---

[3]Ultimately, Dennis was not prosecuted for any connection with them.

In this instance, it does not. Dennis did not admit commission of a criminal act, or of any other act that would subject him to criminal liability. The admission is unsupportable on this basis, and the trial court erred by admitting the testimony over objection on this basis. It is clearly hearsay, admitted explicitly for the truth of the matter asserted, and as the State has failed to provide a brief to this Court, no alternative theories to justify admitting the testimony have been suggested.

Counsel has not specified of what testimony he complains, but because he complains in his brief about testimony "in regards to information about Appellant," it appears that the complained-of hearsay is:

[State's Attorney]: What did he (Dennis) say he was a member of?

[Officer Linwood Fox, II]: He advised that he was – he, along with Mr. Colbert and Brandon Calhoun, were members of the Crips organized street gang.

Having found error, we now conduct a harm analysis. In our review of nonconstitutional error, such as this, we are to disregard errors, defects, irregularities, or variances that do not affect substantial rights of the accused. TEX. R. APP. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997). We do not overturn a conviction unless, after examining the record as a whole, we conclude that an error may have had substantial influence on the outcome of the proceeding. *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).

5

In this case, there is a substantial quantity of evidence from other sources that also connects Colbert with the Crips gang. In such a situation, we conclude that, although the court erred by admitting this testimony, its admission was not such as to have a substantial and injurious effect or influence on the jury in this instance. This issue is overruled.

We affirm the judgment of the trial court.[4]

                                            Josh R. Morriss, III
                                            Chief Justice

Date Submitted:      April 14, 2011
Date Decided:       April 15, 2011

Do Not Publish

---

[4]Counsel also states in a single sentence that error existed because he was unable to cross-examine Dennis about the hearsay statement concerning Colbert's gang association. Because that argument was not presented to the trial court, it was not preserved for our review. TEX. R. APP. P. 33.1.