In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00028-CR

                                                ______________________________

 

 

                              ELIJAH LORENZO COLBERT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0820610

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








            MEMORANDUM OPINION

 

            During the
jury trial resulting in the conviction of Elijah Lorenzo Colbert for aggravated
robbery with a deadly weapon,[1]
the evidence included accomplice testimony and testimony from a hearsay source.[2]  In general, the evidence shows that three
black males, wearing stocking masks and brandishing pistols, broke into a
house, ordered two older men to the floor, and robbed them at gunpoint while
threatening to shoot them both.  After
investigation that centered police attention on certain individuals and
resulted in the recovery of many of the stolen items, a participant admitted
involvement and identified Colbert as one of the other robbers.

            Colbert
complains on appeal that the co-defendant’s testimony was not adequately
corroborated and that other, hearsay, testimony was erroneously admitted over
his objection.  We affirm the trial court’s
judgment because (1) the accomplice-witness testimony was adequately
corroborated, and (2) the erroneous admission of hearsay testimony was
harmless.

(1)        The Accomplice-Witness Testimony Was
Adequately Corroborated

 

            Testimony
from accomplice witnesses must be corroborated. 
See Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).  The test under the statute as applied is
whether, after excluding the accomplice’s testimony, there is other evidence of
an incriminating character which tends to connect the defendant with the
commission of the offense.  Castillo
v. State, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007).  The corroborating testimony needs only to
link the accused to the commission of the crime so that “rational jurors could
conclude that this evidence sufficiently tended to connect [the accused] to the
offense.”  Malone v. State, 253 S.W.3d 253 (Tex. Crim. App.
2008).

            Colbert does
not argue that there is no other evidence tending to connect him with the
offense.  Colbert argues, without resort to
supporting authority, that other witnesses were in some way connected with the
co-defendant—father, girlfriend, former girlfriend, or cousin—and, for that
reason, their testimony did not provide the needed corroboration.

            The statute
does not require the corroborating evidence to come from any particular source
or group of sources.  It requires only
that the corroborating evidence must be from a source other than the
accomplice.  Corroborating evidence was
presented that did come from other sources than the accomplice.  The requirement of the statute was thus met. 

            The
contention of error is overruled.

 

(2)        The Erroneous Admission of Hearsay
Testimony Was Harmless

 

            Colbert also
complains that hearsay was improperly admitted into evidence when a police officer
testified that Jermain Dennis (not a defendant) had told the officer during the
course of the investigation that Dennis and others—including Colbert and other
defendants connected with these robberies—were members of the Crips gang.

            Counsel
lodged a hearsay objection.  After a
lengthy discussion, the testimony was admitted as a statement made against
interest by the declarant, as it tended to subject Dennis to criminal
liability.  See Tex. R. Evid.
803(24).  When a statement tends to
expose the declarant to criminal liability, it is admissible.  Walter
v. State, 267 S.W.3d 883, 891 (Tex. Crim. App. 2008).  The voir dire showed that, at the time of the
statement, Dennis was also under investigation for the offenses.[3]  The State also declared that Dennis was also
involved in “other pending charges, some other robbery charges as well in
different cases not associated with this . . . .”  Being a member of a gang is not a criminal
act.  Admitting evidence of membership in
a gang with a history of involvement in criminal activity would obviously
sharpen the investigator’s extant focus more strongly on Dennis as a
suspect.  The question is whether this
information meets the entrance requirements of Rule 803(24) of the Texas Rules
of Evidence.

            A two-step
foundation requirement is set out in Rule 803(24) of the Texas Rules of
Evidence.  Walter v. State, 293 S.W.3d 886, 890 (Tex. App.—Texarkana 2009,
pet. ref’d).  First, the trial court must
determine whether the statement, considering all the circumstances, subjects
the declarant to criminal liability and whether the declarant realized such
when he or she made the statement.  Id. at 890–91.  Second, the trial court must determine
whether there are sufficient corroborating circumstances that clearly indicate
the trustworthiness of the statement.  Id. at 891.  Thus, the first stage of this review permits
admission under the rule only when the statement itself tends to subject the
declarant to criminal liability.  See Dewberry v. State, 4 S.W.3d 735, 751
(Tex. Crim. App. 1999).

            In
this instance, it does not.  Dennis did
not admit commission of a criminal act, or of any other act that would subject
him to criminal liability.  The admission
is unsupportable on this basis, and the trial court erred by admitting the
testimony over objection on this basis. 
It is clearly hearsay, admitted explicitly for the truth of the matter
asserted, and as the State has failed to provide a brief to this Court, no
alternative theories to justify admitting the testimony have been
suggested.  

            Counsel has
not specified of what testimony he complains, but because he complains in his
brief about testimony “in regards to information about Appellant,” it appears
that the complained-of hearsay is:

[State’s Attorney]:  What did he (Dennis) say he was a member of?

 

[Officer Linwood Fox, II]:  He advised that he was – he, along with Mr.
Colbert and Brandon Calhoun, were members of the Crips organized street
gang.  

 

            Having found
error, we now conduct a harm analysis. 
In our review of nonconstitutional error, such as this, we are to
disregard errors, defects, irregularities, or variances that do not affect
substantial rights of the accused.  Tex. R. App. P. 44.2(b).  A “substantial right” is affected when the
error had a substantial and injurious effect or influence in determining the
jury’s verdict.  King v. State, 953 S.W.2d 266 (Tex. Crim.
App. 1997).  We do not overturn a
conviction unless, after examining the record as a whole, we conclude that an
error may have had substantial influence on the outcome of the proceeding.  Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002).

            In
this case, there is a substantial quantity of evidence from other sources that
also connects Colbert with the Crips gang. 
In such a situation, we conclude that, although the court erred by
admitting this testimony, its admission was not such as to have a substantial
and injurious effect or influence on the jury in this instance.  This issue is overruled.

            We
affirm the judgment of the trial court.[4]

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April
14, 2011

Date Decided:        April 15, 2011

 

Do Not Publish                                                           

 

 











[1]In
a companion appeal, also decided this day, Colbert was also convicted of
engaging in organized criminal activity as a result of his participation in a
second offense, burglary of a building, and was sentenced to life in prison. 

 





[2]Colbert
was sentenced to twenty years’ imprisonment.

 





[3]Ultimately,
Dennis was not prosecuted for any connection with them.





[4]Counsel
also states in a single sentence that error existed because he was unable to
cross-examine Dennis about the hearsay statement concerning Colbert’s gang
association.  Because that argument was
not presented to the trial court, it was not preserved for our review.  Tex.
R. App. P. 33.1.