

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00172-CR

JOHN DEWAYNE FRANKLIN                                        APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant John Dewayne Franklin appeals his conviction for capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2010). We will affirm.

On October 14, 2007, Franklin and Sammie Lee Hicks Jr. were driving in Franklin's blue Cadillac when they noticed a white Suburban that looked like it was being driven by a drunk driver. Franklin and Hicks decided to follow the

---

[1]*See* Tex. R. App. P. 47.4.

Suburban and rob the individuals who were inside—Pedro Mendoza and Anastacio Zavala. Once the Suburban parked at the apartment complex where Mendoza lived, Franklin and Hicks, who were carrying loaded guns, approached the vehicle and robbed Mendoza and Zavala. During the course of the robbery, Franklin shot Mendoza twice, killing him. A jury convicted Franklin of capital murder, and the trial court sentenced him to life imprisonment without parole.[2] Hicks entered into a plea agreement with the State and testified against Franklin at his trial.[3]

In a single point, Franklin argues that the State did not present sufficient evidence to corroborate Hicks's accomplice-witness testimony.[4] He contends that the State's case against Franklin "indispensably rests on" Hicks's testimony, which "establishes only that the offense occurred" and that Franklin "*might* have been present at the scene."

Code of criminal procedure article 38.14 provides that a defendant cannot be convicted of an offense upon the testimony of an accomplice without other corroborating evidence "tending to connect" the defendant to the offense. Tex.

---

[2]The State did not seek the death penalty.

[3]Under the plea agreement, the State agreed to recommend a term of imprisonment for Hicks of thirty-five years.

[4]There is no dispute that Hicks was an accomplice. *See Medina v. State*, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000) (defining accomplice as a person who participates before, during, or after the commission of the crime and can be prosecuted for the same offense as the defendant or for a lesser-included offense).

Code Crim. Proc. Ann. art. 38.14 (Vernon 2005); *see Simmons v. State*, 282 S.W.3d 504, 505 (Tex. Crim. App. 2009). The accomplice-witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards. *Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 1082 (2000). When evaluating the sufficiency of corroboration evidence under the accomplice-witness rule, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Clark v. State*, 324 S.W.3d 620, 629 (Tex. App.—Fort Worth 2010, pet. ref'd) (quoting *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001)). The corroborating evidence need not prove the defendant's guilt beyond a reasonable doubt by itself. *Id.* Nor is it necessary for the corroborating evidence to directly link the accused to the commission of the offense. *Id.* Rather, the evidence must simply link the accused in some way to the commission of the crime and show that rational jurors could conclude that this evidence sufficiently tended to connect the accused to the offense. *Simmons*, 282 S.W.3d at 508; *see Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (stating that while mere presence at the scene of a crime is insufficient to corroborate accomplice testimony, "[p]roof that the accused was at or near the scene of the crime at or about the time of its commission, when coupled with other suspicious circumstances, may tend to connect the accused

3

to the crime so as to furnish sufficient corroboration to support a conviction"). We review the evidence in the light most favorable to the jury's verdict. *Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

Hicks testified that on October 14, 2007, he and Franklin hung out at Hicks's apartment for a while before leaving in Franklin's blue Cadillac. They came across a white Suburban that looked like it was being driven by a drunk driver and decided to follow it and rob its passengers. According to Hicks, Franklin told him, "Those are the kind of people I rob." Hicks testified that once the Suburban parked at an apartment complex, he and Franklin "[g]ot [their] guns ready" before exiting the Cadillac; Franklin had a .357 revolver that he kept in a white work glove in the pocket behind the passenger's seat and Hicks had a two-shot Derringer. Hicks approached the passenger side of the Suburban and Franklin approached the driver's side, and Hicks noticed that both Mendoza and Zavala were asleep.[5] Hicks testified that he reached into Zavala's pocket through the open window and that he heard a gunshot after Franklin opened the driver's side door and struck Mendoza with the gun. Franklin then came around to the passenger side of the vehicle, struck Zavala with the gun, and went

---

[5]Mendoza and Zavala may have been passed out—Zavala told a police officer that he and Mendoza had been at a bar earlier in the night. Officer Matt Johnson testified that Zavala's breath smelled of alcohol, and Dr. Marc Krouse testified that Mendoza's blood alcohol figure was .324, approximately four times the legal limit for driving.

through his pockets. As Hicks returned to the Cadillac, he saw Franklin move back around to the other side of the Suburban, stand over Mendoza, and shoot him in the head. Later that night, Hicks told Princess Harris, the mother of his two children, some of the details about the incident.

Eliminating Hicks's accomplice testimony from consideration, the record contains ample evidence to meet article 38.14's corroboration requirement. Specifically, Officer Matt Johnson testified that he interviewed Maria Monegecarmona on October 14, 2007. Monegecarmona, a resident of the apartment complex where the murder occurred, told Johnson that she had observed a disturbance involving two black males who were driving a black Cadillac or Impala sedan.[6] Authorities later located and seized a blue Cadillac sedan that was parked in the parking lot of the business where Franklin worked. Inside of the vehicle, investigators discovered a driver's license and a Social Security card belonging to Franklin, a .357 revolver inside of a white glove in the pocket behind the passenger's seat, and a partial cigar attached to a plastic tip in the ashtray.

Jamie Becker, a firearm and tool mark examiner for the Tarrant County Medical Examiner's office, testified that she examined the .357 found in Franklin's Cadillac and the bullets recovered during Mendoza's autopsy. Based

---

[6]Monegecarmona observed the vehicle at nighttime.

on her test results, Becker opined that the .357 fired the bullets that were retrieved from Mendoza's body.

Investigators discovered a white work or garden glove lying on the ground near the Suburban. Carolyn Van Winkle, an employee of the DNA Section of the crime laboratory of the Tarrant County Medical Examiner's Office, testified that she compared a DNA sample belonging to Franklin with a DNA sample that had been collected from the white glove that was found on the ground near the crime scene and that the probability that the DNA from the glove belonged to someone other than Franklin was one in eleven quadrillion (11,000,000,000,000,000).[7] Moreover, the glove looked similar to the glove that concealed the .357 inside of Franklin's Cadillac.

Investigators also discovered a small cigar attached to a plastic tip on the ground near the crime scene. Visually, the cigar appears to be similar to the partial cigar discovered in Franklin's Cadillac.

Harris testified that Franklin came over to the apartment that she shared with Hicks on October 14, 2007; that Franklin and Hicks later left the apartment in Franklin's blue Cadillac; and that Hicks was crying, shaking, and nervous after he returned a few hours later. She also testified that Franklin kept two guns in his car (a revolver and an automatic) and that Hicks had told her that he and Franklin had robbed two Hispanic men and that Franklin had shot one of them in the

---

[7]Van Winkle testified that there are only between six and seven billion people on earth, a significantly smaller figure than eleven quadrillion.

6

head. Marc Krouse, the chief deputy medical examiner for Tarrant County, testified that the secondary cause of Mendoza's death was a gunshot wound to the face.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational factfinder could have concluded that the evidence detailed above sufficiently tended to connect Franklin to Mendoza's murder. *See* Tex. Code Crim. Proc. Ann. art. 38.14; *Simmons*, 282 S.W.3d at 508–09; *Cathey*, 992 S.W.2d at 462–63. Accordingly, Hicks's accomplice testimony was sufficiently corroborated under the requirement of article 38.14. We overrule Franklin's only point and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 21, 2011

7