Affirmed and Memorandum Opinion
filed August 9, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00410-CR



Darrell A.
Jones, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 180th District Court

Harris County, Texas

Trial Court
Cause No. 1179387



 

MEMORANDUM OPINION 

A jury convicted appellant Darrell A. Jones of murder
and assessed punishment at twenty years’ imprisonment.  In a single issue, appellant
argues that the evidence is insufficient to sustain his conviction due to the
absence of sufficiently corroborated accomplice witness evidence.  We affirm.

Background

            Kierra Blackshire
testified that she and her boyfriend—the complainant Gerry Coles—were walking
home from lunch one day in January 2008.  As they approached the gated entrance
to an apartment complex, a vehicle pulled out and stopped in their path.  The
driver rolled down his window and tried to get Blackshire’s attention by
calling to her and making gestures.  He spoke with a New Orleans accent.  Coles
approached the vehicle, pointed a gun inside, and attempted to shoot the
driver, but the gun did not fire.  The car sped off, and Coles and Blackshire
split up to walk around the apartment complex.  When they got back together in
the parking lot, Blackshire heard and saw shots being fired at them from the
entrance to the apartment complex.  She also heard men yelling with New Orleans
accents.  Although she never identified the occupants of the vehicle, she
believed they were the people shooting at Coles.

            Kenneth Stevenson
testified that he was appellant’s neighbor at the apartment complex in January
2008.  Moments before the murder, he saw both appellant and the accomplice
witness Derrick Portis walk by him with pistols in their pants.  From a
distance, Stevenson followed the pair as they ran near the front entrance of
the apartment complex.  Although Stevenson could not see Coles, he saw
appellant and Portis firing multiple rounds in the parking lot as they backed
up toward the front entrance.  He heard twelve to sixteen gunshots from
multiple guns.  When the shooting stopped, Coles was down.  He died from
gunshot wounds.  At the crime scene, police later recovered eighteen .40-caliber
shell casings that had been fired from three different guns, all of which were pistols.

            Portis testified
as an accomplice witness.  He and appellant were passengers in the vehicle
exiting the apartment complex when the driver stopped and tried to flirt with
Blackshire.  Portis saw Coles point a gun at the driver and try to shoot, but
the gun jammed.  After the driver pulled away, appellant retrieved a
.40-caliber gun from the glove compartment and another passenger pulled a gun
out of his pocket.  Appellant said, “Come on, let’s go get them.”  Portis did
not have a gun, so he went to his mother’s friend’s apartment.  Appellant came
to the apartment and gave Portis a .40-caliber gun.  They left the apartment
together but then split up to search for Coles.  Portis heard gunshots, and
then he saw Coles reaching for his weapon.  He fired at Coles until he ran out
of ammunition, but he did not hit Coles.  Portis and appellant rendezvoused
near the front entrance to the apartment complex, and Portis walked home to
Missouri City.  The next morning, he left for New Orleans.

            Stevenson
testified that he never saw appellant return to his apartment.  When police
later went to appellant’s apartment, they found the door open, furniture
inside, and the electricity shut off.  Both appellant and Portis were
apprehended in New Orleans about eight months after the murder.

            Appellant was
indicted for murder, and the jury was instructed that it could convict
appellant as the primary actor or as a party to the murder.  The jury found
appellant guilty and assessed punishment at twenty years’ imprisonment.

Analysis

A conviction obtained in reliance upon accomplice
testimony must be supported by sufficient corroborating evidence tending to
connect the defendant with the offense committed.  TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005).  When reviewing the
sufficiency of the evidence to corroborate accomplice testimony, we eliminate
the accomplice testimony and then examine the remaining portions of the record
to see if there is any evidence that tends to connect the defendant with the
commission of the offense.  Malone v. State, 253 S.W.3d 253, 257 (Tex.
Crim. App. 2008).  The corroborating evidence need not rise to the level of
proof beyond a reasonable doubt.  Id.  Instead, the evidence must simply
link the defendant to the commission of the offense and show that rational
jurors could conclude that the evidence sufficiently tended to connect the
defendant to the offense.  Simmons v. State, 282 S.W.3d 504, 508 (Tex.
Crim. App. 2009).

Appellant primarily argues that two non-accomplice
witnesses, Blackshire and Stevenson, were lying because they made inconsistent
statements and withheld information during the investigation of the murder.  Appellant
argues this case is one in which “the credibility of a witness is so undermined
that a reviewing court cannot have confidence in a verdict supported by the
witnesses’ testimony.”  However, we must view the evidence in the light most
favorable to the jury’s verdict, and the jury is the exclusive judge of the
credibility of witnesses and the weight to be given their testimony.  Brown
v. State, 270 S.W.3d 564, 567–68 (Tex. Crim. App. 2008).  The jury in this
case heard fully that Blackshire initially withheld information from police and
identified someone else as being present at the time of the shooting.  The jury
also heard that Stevenson had initially told police he was at work the day of
the murder, and he had a conviction for theft and was on probation for burglary
at the time he testified.  But viewing the evidence in the light most favorable
to the verdict, we presume the jury found Blackshire and Stevenson credible.  See
id. at 568.

With this view of the evidence in mind, the following
non-accomplice evidence tends to connect appellant to the crime:

·       
Stevenson saw appellant and Portis walk nearby his apartment with
handguns protruding from their pants, and ballistics testing of shell casings
from the scene revealed that three different pistols were fired.  

·       
Stevenson saw appellant and Portis firing handguns and running to
the front of the apartment complex at the time of the murder.

·       
Blackshire saw Coles being fired upon from the front of the
apartment complex, and Coles returned fire.

·       
Stevenson testified that appellant and Portis had distinct New
Orleans accents; Blackshire heard men shouting at the crime scene with New
Orleans accents; and the man who spoke to her from the vehicle earlier that day
had a New Orleans accent.

·       
Stevenson never saw appellant return to his apartment; police
found the front door open and furniture in the apartment, but there was no
electricity; and appellant was later apprehended in New Orleans.

Evidence placing appellant at
the crime scene in Portis’s company at the time of the murder may be combined
with other suspicious circumstances to connect appellant to the crime.  See
Smith v. State, 332 S.W.3d 425, 443 (Tex. Crim. App. 2011); Hernandez v.
State, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997).  Evidence that appellant
possessed a weapon “merely similar” to the guns fired at the crime scene may be
considered in corroborating accomplice testimony.  See Hernandez, 939
S.W.2d at 178.  The evidence in this case also supports a reasonable inference
that appellant fled the scene, which may be considered in corroborating
accomplice testimony.  See id. (holding there was a reasonable inference
of flight based on the defendant’s absence from his residence, removal of furniture,
failure to attend a planned event, and failure to return videotapes to a rental
store).  Finally, and most importantly, Stevenson testified that he saw
appellant extend his arm out and fire a gun multiple times in the parking lot
where Coles was shot.  All of this evidence tends to connect appellant to the
murder, either as a primary actor or a party to the crime.

We overrule appellant’s sole issue and affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Jamison, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).