

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00535-CR

| | | |
|---|---|---|
| Mario H. Yovanovitch | § | From Criminal District Court No. 2 |
| | § | of Tarrant County (1238882D) |
| v. | § | March 7, 2013 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Ann Dauphinot


**NO. 02-11-00534-CR**
**NO. 02-11-00535-CR**

MARIO H. YOVANOVITCH                                                  APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Mario H. Yovanovitch of two cases of aggravated robbery with a deadly weapon, each charged in a separate multi-count indictment, and assessed his punishment at seventy years' confinement, enhanced by a prior felony conviction, in each case. The jury also returned an affirmative deadly weapon finding in each case. The trial court sentenced

---

[1]*See* Tex. R. App. P. 47.4.

Appellant accordingly. In his sole issue, Appellant argues that the trial court erred by refusing to grant an instructed verdict of acquittal because the evidence is insufficient to convict him of the aggravated robbery offenses in that the accomplice testimony was not corroborated. Because we hold that the evidence is sufficient to support the jury's verdict in each case and that the accomplice testimony was adequately corroborated, we affirm the trial court's judgments.

**Brief Facts**

On April 14, 2009, Appellant began working at a Dairy Queen in Arlington, Texas. The manager, Virginia McCoy, terminated his employment on May 10, 2009. On the morning of May 11, 2009, McCoy was counting money in the back of the restaurant when a masked gunman entered her office and demanded the money in sight and also that hidden in the drawer. McCoy testified that, based on the robber's knowledge of where the additional cash was kept, she believed that he was a former employee.

On May 23, 2009, there was another robbery at the Arlington Dairy Queen, but this time two men committed the robbery. McCoy testified that the man who came to the back where she was again counting money was the same robber who had committed the first robbery and that he asked for the visible and hidden money in the same manner. Finally, although she had never before suggested that she recognized the voice of either robber, McCoy testified that after reviewing the tapes of the second robbery, she had determined that she recognized the voice of the robber who demanded the money and that it was

Appellant's. She acknowledged on cross-examination that although she had reviewed the tapes after the robbery, before trial she "couldn't put the voice with the face" and that she "just knew the voice was familiar."

Appellant's accomplice in the second robbery, Sean Rafferty (Rafferty), agreed to testify against Appellant at trial in exchange for a fifteen-year sentence. Rafferty testified that he had known Appellant for several months when Appellant approached him for help in robbing the employees at the Dairy Queen. Rafferty also testified that Appellant's sister, Roxanne Yovanovitch, acted as their getaway driver in her gray Suburban. Rafferty further testified that he and Appellant put on masks, entered the restaurant, and stole the money at gunpoint. Finally, Rafferty testified that Appellant also told him about the previous Dairy Queen robbery that Appellant had committed.

Roxanne testified at trial that she drove the getaway car for the first robbery and again for the second, which Appellant committed with Rafferty.

The State also called Matthew McCarty, who testified that he was working at Dairy Queen when both robberies occurred; during the first robbery, the robber seemed to have inside knowledge; and following the second robbery, McCarty saw the men get into a gray Suburban. McCarty testified that the man who committed the first robbery was one of the two who committed the second robbery.

The State also called Rafferty's mother, Yvonne, who testified that her son and Appellant were friends, Appellant's sister Roxanne drove a grey Suburban,

4

and the police recovered Appellant's hat from Yvonne's apartment. Throughout the trial, Appellant was referred to as both Mario Hernandez and Mario Yovanovitch. Yvonne explained that she knew him as Yovanovitch.

**Sufficiency of the Evidence**

The accomplice-witness rule is a statutorily imposed sufficiency review and is not derived from federal or state constitutional principles that define legal sufficiency standards.[2] The accomplice-witness rule, which is set out in Article 38.14 of the code of criminal procedure, provides that

> [a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.[3]

When evaluating the sufficiency of corroboration evidence under the accomplice-witness rule, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime."[4] To meet the requirements of the rule, the corroborating evidence

---

[2]*Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 1082 (2000).

[3]Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005).

[4]*Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (quoting *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001)).

need not prove the defendant's guilt beyond a reasonable doubt by itself.[5] Nor is it necessary for the corroborating evidence to directly link the accused to the commission of the offense.[6] Rather, the evidence must simply link the accused in some way to the commission of the crime and show that "rational jurors could conclude that this evidence sufficiently tended to connect [the accused] to the offense."[7]

There is no set amount of nonaccomplice corroboration evidence that is required for sufficiency purposes; "[e]ach case must be judged on its own facts."[8] Circumstances that are apparently insignificant may constitute sufficient evidence of corroboration.[9]

Accomplices Rafferty and Roxanne both testified about both robberies. Rafferty provided details about the second robbery that occurred on May 23, 2009, the one in which he participated, and also testified that Appellant told him that he had committed the first Dairy Queen robbery. Roxanne testified that she was the getaway driver for both robberies.

---

[5]*Malone*, 253 S.W.3d at 257; *Trevino v. State*, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999); *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).

[6]*Cathey*, 992 S.W.2d at 462.

[7]*Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009); *see McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App.), *cert. denied*, 522 U.S. 844 (1997).

[8]*Malone*, 253 S.W.3d at 257 (quoting *Gill*, 873 S.W.2d at 48).

[9]*Trevino*, 991 S.W.2d at 852.

McCoy testified that the man who, on May 23, 2009, came to the back of the Dairy Queen and robbed her where she was counting money was the same robber who had committed the first robbery and that he asked for the visible and hidden money in the same manner. She also testified that she recognized Appellant's voice from the surveillance tapes of the second robbery. Her testimony tends to connect Appellant to both offenses. Whether the jury found her testimony credible in light of her testimony on cross-examination was an issue for the jury alone.

Additionally, Appellant was left-handed and had worked at that Dairy Queen before the first robbery. The May 23 robber held the gun in his left hand. The evidence further suggested that the man who committed the May 23 robbery also committed the first robbery and that that man was sufficiently familiar with the practices of the employees and the locations of the money to suggest that he had been an employee. In the video of the second robbery shown to the jury, the left-handed robber was wearing a hat that Yvonne identified as the same hat the police had found at her house and that she had identified as being worn by Appellant. She also identified the robber in the video as Appellant.

Officer Wright testified that he was able to connect the robberies to Appellant and his accomplices through the store videos. Witnesses on the scene of the second robbery testified that Appellant escaped in the vehicle Yvonne identified as belonging to Roxanne.

Applying the appropriate standard of review, we hold that the evidence

7

was sufficient to support the jury verdicts and that the accomplice testimony was adequately corroborated. Consequently, the trial court did not err by overruling Appellant's motion for instructed verdict. We overrule Appellant's sole issue and affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 7, 2013