**Patrick Oneal BIBLE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–15–00131–CR**

Court of Appeals of Texas,
Waco.

Opinion delivered and filed March 3, 2016

---

Terence A. Russell, Attorney at Law, Hillsboro, TX, for Appellant/Relator.

B.J. Shepherd, Bosque County District Attorney, Shaum Carpenter, Bosque County Asst. District Attorney, Meridian, TX, for Appellees/Respondents.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

TOM GRAY, Chief Justice

Patrick Oneal Bible was convicted of evading arrest or detention with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2011). Bible pled true to an enhancement paragraph and was sentenced to 12 years in prison. The issue in this appeal is whether there is sufficient evidence after a proper application of the accomplice witness rule to identify Bible as the driver of the pickup during its flight from Department of Public Safety Trooper Doug Childs. Notwithstanding that the accomplice was the source of all the evidence of the driver's identity, because the evidence which did not require corroboration was sufficient to identify the driver of the evading pickup as being Bible, the trial court's judgment is affirmed.

### TESTIMONY AND EVIDENCE

Texas Department of Public Safety Trooper Doug Childs was on patrol in Bosque County. While finishing a traffic stop, he observed a pickup traveling about 70 miles an hour. He turned on his overhead lights and pointed for the truck to pull over. The pickup pulled over onto the grass a short distance in front of the trooper's patrol car. After the trooper got out of the patrol car and approached the passenger side of the pickup, the pickup took flight. The trooper gave chase. At times, the speed during the chase reached 90 miles per hour. At one point during the chase, the pickup again stopped. The pickup sat for a short time and then took off again. Eventually, the pickup veered onto a trail along a high fence that went behind some residences. By the time the trooper reached the pickup, the occupants had run away. He could see a young male and female going into adjacent woods on foot. However, they were not caught on the date of the offense.

It was determined that the pickup belonged to Anthony Mangham. During an inventory search, a purse, a wallet containing identification, and a cell phone were found on the passenger side of the pickup. The identification belonged to Tiffanie Mangham. The owner of the pickup was Tiffanie's father. Tiffanie was arrested on an unrelated warrant and gave a written statement regarding the attempted traffic stop, flight, and chase. In the statement, Tiffanie identified Bible as the driver of the pickup. A warrant was issued for Bible's arrest.

### TIFFANIE'S TRIAL TESTIMONY

After being given full immunity in exchange for her testimony, Tiffanie, who was Bible's girlfriend, testified against Bible at trial. Tiffanie testified that on the day of the offense, Bible was driving Tiffa-

nie's father's pickup, and Tiffanie was a passenger. She did not remember where they were going. At some point, Bible saw a trooper and stopped the pickup on the side of the road. When the trooper got out of his vehicle and approached theirs, Bible told Tiffanie he was going to drive off. She stated there was a possibility that Bible had drugs on him but she did not know for certain. Tiffanie thought that was the reason Bible drove off. Both she and Bible used drugs at the time of the offense but no longer used them. Bible drove down a dirt road toward the Clifton airport. He stopped the pickup, and they both ran.

### TIFFANIE'S PRIOR STATEMENT

When Tiffanie was picked up on an unrelated warrant, she gave a written statement about what had happened. The statement was introduced into evidence without objection. In that statement, Tiffanie stated that she and Bible were on their way home when a state trooper pulled them over. After the trooper got out of his car, Bible let the trooper get up to the pickup and then drove off. When Tiffanie asked what Bible was doing, Bible told her that he had drugs on him and was not going to jail. Bible also said there were drugs in the pickup, so he was not going to stop. When Bible ultimately did stop, he ran. Tiffanie stated that she ran too because she did not know what to do. Bible told Tiffanie not to tell anyone what happened.

### ACCOMPLICE WITNESS RULE [1]

 The accomplice-witness rule provides: A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect

the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005).[2] In conducting a sufficiency review under the accomplice-witness rule, a reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim.App.2001). "Tendency to connect," rather than rational sufficiency, is the standard: the corroborating evidence need not be sufficient by itself to establish guilt. *Id.* The accomplice-witness rule is not based upon federal or state constitutional notions of sufficiency; there simply needs to be "other" evidence tending to connect the defendant to the offense. *Id.* Further, there is no set amount of non-accomplice corroboration evidence that is required for sufficiency purposes; "[e]ach case must be judged on its own facts." *Malone v. State*, 253 S.W.3d 253, 257 (Tex.Crim.App.2008). Circumstances that are apparently insignificant may constitute sufficient evidence of corroboration. *Id.*

 Only an accomplice's in-court testimony need be corroborated. *Bingham v. State*, 913 S.W.2d 208, 211–213 (Tex.Crim. App.1995). Although an accomplice's testimony cannot be corroborated by prior statements made by the accomplice witness to a third person, *Smith v. State*, 332 S.W.3d 425, 439 (Tex.Crim.App.2011), an accomplice's out-of-court statement does not, itself, have to be corroborated under art. 38.14, and the jury is entitled to re-

---

**1.** The court's charge had an extensive instruction on the accomplice witness rule.

**2.** We note that the other evidence cited by the State purporting to corroborate Tiffanie's tes-

timony goes merely to the commission of the offense and does nothing to connect Bible to the offense.

gard it as independent evidence of an appellant's guilt as long as it is corroborated as required by Texas Rule of Evidence 803(24) (statement against interest). *Archie v. State*, 340 S.W.3d 734, 737 n. 3 (Tex.Crim.App.2011).

## ARGUMENT AND APPLICATION

■ Bible argues on appeal that absent Tiffanie's testimony, there is no evidence that tends to connect Bible to the offense. He also argues that Tiffanie's written statement cannot corroborate her in-court testimony. Bible is correct that the statement cannot corroborate Tiffanie's testimony. There is no other "testimony" that identifies Bible as the driver of the pickup. However, Bible overlooks the independent evidentiary value of Tiffanie's statement which identifies Bible as the driver.

■ In his appeal, Bible does not, and cannot, complain that Tiffanie's statement was not corroborated as required by Rule 803(24) (a different corroboration requirement than the statute as issue in this case). He did not object to the admission of the statement into evidence and, in fact, used the statement to try to discredit Tiffanie's in-court testimony. Thus, any error in admitting the statement was not preserved and the statement was admitted for all purposes. Accordingly, because the statement was independent evidence which identified Bible as the driver of the pickup while evading arrest or detention, the evidence was sufficient to support Bible's conviction.

## CONCLUSION

Bible's sole issue is overruled, and the trial court's judgment is affirmed.