In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00479-CR
_____

WOODROW SAMUEL WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 258th District Court
San Jacinto County, Texas
Trial Cause No. 12,504
_____

**MEMORANDUM OPINION**

A jury convicted Woodrow Samuel Williams of aggravated robbery, and the trial court assessed punishment at confinement for life. In his sole issue on appeal, Williams argues that the evidence is insufficient to support his conviction because the State failed to produce sufficient evidence to corroborate the accomplice witness testimony. The State asserts that the accomplice testimony was sufficiently

corroborated by independent evidence tending to connect Williams with the crime. We affirm the trial court's judgment.

Article 38.14 of the Texas Code of Criminal Procedure provides that a defendant cannot be convicted of an offense upon the testimony of an accomplice without other corroborating evidence tending to connect the defendant to the offense committed. Tex. Code Crim. Proc. Ann. art. 38.14. When conducting a sufficiency review of the non-accomplice witness evidence under article 38.14, we eliminate the accomplice testimony and examine the remaining portions of the record to determine if there is any evidence that tends to connect the defendant to the commission of the offense. *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011); *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). "The direct or circumstantial non-accomplice evidence is sufficient corroboration if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense." *Smith*, 332 S.W.3d at 442; *see also Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009). No particular amount of corroborating evidence is required for sufficiency purposes. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008).

"'Tendency to connect' rather than rational sufficiency is the standard[;] the corroborating evidence need not be sufficient by itself to establish guilt." *Solomon*, 49 S.W.3d at 361. The corroborating evidence need not directly link the defendant

2

to the commission of the crime. *Vafaiyan v. State*, 279 S.W.3d 374, 385 (Tex. App.—Fort Worth 2008, pet. ref'd). There simply needs to be other evidence tending to connect the defendant to the crime. *Id.* When there are conflicting views of the evidence, we defer to the factfinder's resolution of the evidence. *Smith*, 332 S.W.3d at 442; *Simmons*, 282 S.W.3d at 508.

The jury heard Ronald Yex, the accomplice witness, testify that he and Williams committed the robbery together. Yex explained that he went into the store with a gun and stole cigarettes and money, and Williams was the driver of the van, which belonged to Williams's parents. In conducting our sufficiency review, we eliminate Yex's testimony and review the entire record to determine whether the non-accomplice inculpatory evidence tends to connect Williams to the commission of the aggravated robbery. *See Smith*, 332 S.W.3d at 442; *Solomon*, 49 S.W.3d at 361-62.

The jury heard testimony from Deputy Omar Sheikh with the San Jacinto Sheriff's Office, who testified that he responded to an aggravated robbery at the Shell station in Coldspring, and dispatch reported that the vehicle used in the robbery was a tan van. Sheikh testified that his stop of the suspect vehicle was recorded on his dash cam video. Sheikh explained that when he stopped the van, a white male matching the description of the suspect exited the passenger side of the van and ran,

3

and Sheikh called in the van's license plate before he pursued the suspect. Sheikh caught the suspect, who was identified as Yex, and recovered the gun used in the robbery, but the driver fled in the van.

The jury heard testimony from V.W., the manager of the store that was robbed. V.W. testified that surveillance cameras from inside the store recorded the robbery and the outside camera recorded the parking lot, and V.W. provided the police with copies of the recordings. V.W. identified Yex as the robber, and she testified that Yex ran toward a tan van when he left the store.

Detective Gary Sharpen testified that he investigated the robbery and viewed the surveillance videos from the store and Sheikh's dash cam video. Sharpen testified that he conducted surveillance on the van used in the robbery and observed Williams driving the van. Sharpen testified that when Williams was arrested, he was driving the van, and the registered owner of the van was Williams's stepfather. Williams's stepfather testified that he owns the van and allowed Williams to drive it, and that Williams was in possession of the van when he was arrested.

In addition, the jury heard M.R., a witness for the defense, testify that she currently resides in the state jail, and that when she talked to Williams, Williams told her that he was in jail for a charge that occurred when Williams and M.R. were fishing together. According to M.R., Williams asked her to testify in his defense,

4

and M.R. agreed, but M.R. testified that she was "high" on methamphetamine when she went fishing with Williams and was unable to recall the date. A.M. also testified in Williams's defense. According to A.M., Williams was "too nice" with his parents' van and loaned it out for her and others to use. According to A.M., the day the robbery occurred, she saw Williams riding around with a girl looking for his van, and Williams told her that RJ had the van. The jury also considered a written statement from J.B, in which J.B. stated that when he was in jail, he heard Yex say that he committed the robbery with his brother.

We conclude that a rational juror could have found that the non-accomplice evidence sufficiently tends to connect Williams to the aggravated robbery. *See Smith*, 332 S.W.3d at 442; *Simmons*, 282 S.W.3d at 508; *Solomon*, 49 S.W.3d at 361-62; *see also generally* Tex. Code Crim. Proc. Ann. art. 38.14. Accordingly, we further conclude that the evidence is sufficient to support Williams's conviction. We overrule Williams's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 2, 2020
Opinion Delivered April 15, 2020
Do Not Publish

5

Before McKeithen, C.J., Kreger and Horton, JJ.