**Opinion filed July 7, 2011**



## In The

# Eleventh Court of Appeals

_____

## No. 11-09-00292-CR

_____

## EARL LEE COBB III, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8779D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Earl Lee Cobb III of possession of cocaine in the amount of one gram or more but less than four grams. The trial court assessed appellant's punishment at five years confinement. We affirm.

*Sufficiency of the Evidence Standard of Review*

Appellant presents two issues for review. In his issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. We note at the outset of our

analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenges under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

In a prosecution for possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew the substance was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 2010); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). The State does not have to prove that the accused had exclusive possession of the contraband; joint possession is sufficient to sustain a conviction. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans*, 202 S.W.3d at 161-62; *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). Courts have recognized a number of factors that may link an accused to the drug. *Evans*, 202 S.W.3d at 162 n.12. The legal issue with respect to such "links" is "whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance." *Evans*, 202 S.W.3d at 161-62 & n.9. No set formula exists to dictate a finding of links sufficient to support an

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

inference of knowing possession of contraband. *Isbell v. State*, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.); *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). It is not the number of links that is dispositive but, rather, the logical force of all the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162.

A conviction cannot be had on an accomplice witness's testimony unless the testimony is corroborated by other, non-accomplice evidence that tends to connect the accused to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). When evaluating the sufficiency of corroboration evidence under the accomplice-witness rule, we eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008); *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).

*The Evidence at Trial*

Susan Belver testified that she worked for the Abilene Police Department in the Narcotics Division. On April 3, 2008, the police were investigating appellant for suspected illegal drug activity. On that date, Officer Belver obtained a search warrant for the residence located at 2202 Graham in Abilene, Texas. Guinevere Evans lived at the residence. Officer Belver also obtained arrest warrants for appellant and Evans.

On April 3, 2008, at about 3:00 p.m., Officer Belver and other police officers executed the search warrant on the residence. Officer Belver testified that the residence was very small. When she entered the house, Officer Belver saw appellant fleeing toward the back door. Officer Steve Rogers caught appellant in the kitchen and detained him. Evans was holding a metal crack pipe in her hand. The pipe had a burnt Chore Boy scrubbing pad inside it. Officer Belver explained that these pads are used as filters when smoking crack cocaine. Testing of the pipe revealed that it contained traces of cocaine. Deborah Bryant was also in the house when the officers executed the search warrant.

During the search, the officers found drugs and drug paraphernalia in different areas of the house. The officers found four spoons, two tamping rods, two utility knife blades, two pen barrels, and a used Chore Boy scrubbing pad in a cosmetic bag in the bedroom. Officer Belver testified that these items are consistent with the use of cocaine. The officers found a black ceramic plate containing a Chore Boy and a razor blade with traces of cocaine under the bed in

the bedroom. The officers found a bag of baking powder in a closet. Officer Belver explained that baking powder is used in cooking crack cocaine. The officers found a glass crack pipe and two silver metal spoons underneath the love seat in the living room. The crack pipe contained a Chore Boy and burnt residue. The spoons were burned on the bottom and contained traces of an off-white substance. The officers also found a razor blade and off-white crumbs in a hollowed-out pen on a plate in the microwave oven in the kitchen. Officer Belver testified that the officers found a cellophane wrapper containing "rocks" of crack cocaine behind the washing machine in the kitchen. The substance in the wrapper tested positive for cocaine in a preliminary test. Subsequent testing of the substance at the Department of Public Safety Crime Laboratory in Abilene showed that it contained cocaine and weighed 1.71 grams. Appellant had $158 in cash in his right shirt pocket. Appellant told Officer Belver that he had earned the money doing landscaping work. The officers arrested appellant and Evans. The officers did not arrest Bryant because she was not named in an arrest warrant and because she was not in possession of any illegal drugs.

Evans testified that she rented the house at 2202 Graham. Evans said that, at the time of trial, she was serving time in prison as a result of being a codefendant in this case. She said that appellant stayed at her house "all the time" and that appellant and Bryant were staying at her house when the officers searched it. Evans said that appellant and Bryant had been staying there for four days. Evans testified that she, appellant, and Bryant got high smoking crack the night before the search. Evans said that appellant often provided cocaine to her. She said that, on the day of the search, appellant showed her a plastic bag of cocaine. She said that appellant was cooking cocaine on a spoon when the officers arrived to perform the search. She said that appellant threw the spoon and a lighter under the love seat in the living room and that appellant and Bryant ran into the kitchen. Evans testified that the cocaine the officers found behind the washing machine belonged to appellant.

*Analysis*

Appellant contends that the evidence is legally insufficient to affirmatively link him to the cocaine and that, therefore, the State's case rests entirely upon Evans's uncorroborated testimony that the cocaine belonged to him. After reviewing all the evidence, we hold that the evidence is legally sufficient to support the jury's verdict. The State established a number of links between appellant and the cocaine. Appellant was present when the officers conducted the

search. Appellant attempted to flee when the officers arrived. The officers found the cocaine behind the washing machine in the kitchen. Officer Rogers detained appellant in the kitchen. The officers found other contraband and drug paraphernalia in the living room, the bedroom, and the kitchen. These facts linked appellant to the cocaine. *See Evans*, 202 S.W.3d at 162 n.12. The evidence linking appellant to the cocaine corroborated Evans's testimony that the cocaine belonged to him. Based on the evidence, a rational jury could have found beyond a reasonable doubt that appellant knowingly possessed the cocaine. Appellant's issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

July 7, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[3] consists of: Wright, C.J.,
McCall, J., and Hill, J.[4]

---

[3]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[4]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.