02-10-487-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00487-CR

 

 


 
 
 Jamal T. Luckett
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Jamal T. Luckett appeals his conviction for possession of a controlled
substance with intent to deliver.  We will affirm.

Background

In
September 2009, Fort Worth police officers were conducting surveillance on a
duplex at 5314 Humbert Avenue, Fort Worth, Texas on the belief that drug
activity was occurring there.  The officers saw Appellant answer the door
to a number of people (including a suspected drug supplier), who would enter
the house, stay for approximately fifteen to twenty minutes, and leave.

On
September 19, 2009, Fort Worth police officers executed a no-knock search
warrant at the duplex.  Inside the duplex, police found crack cocaine
hidden in a cut-out compartment in the doorframe of a closet.  The cocaine
was divided into one large bag of cocaine and a number of smaller
baggies.  Inside the closet, police officers found a blue jacket with
another bag of cocaine in one of the pockets.  In total, officers found
29.67 grams of cocaine in the duplex.

In
the kitchen, police found two digital scales, empty baggies identical to the
smaller baggies containing cocaine found in the doorframe, and Appellant’s
cell phone containing a number of pictures of him, including one showing him in
the blue jacket.  Police also found a letter addressed to Appellant at a
different address than that of the duplex and a legal document from a 2007 case
in which Appellant was also a defendant.  The only person found inside the
house was Timothy Johnson, who told police that Appellant had escaped through
the attic.  Police entered the adjoining home and found Appellant in the
bathroom with pieces of insulation stuck to his body.

Appellant
was charged with possession of a controlled substance, namely cocaine of four
grams or more, but less than two hundred grams, with intent to deliver.  A
jury trial was held, and Appellant was found guilty.  The trial court
sentenced Appellant to twenty years imprisonment.[2] 
This appeal followed.

Standard
of Review

In
his sole issue, Appellant argues that the evidence is legally insufficient to
support his conviction.  In our due-process review of the sufficiency of
the evidence to support a conviction, we view all of the evidence in the light
most favorable to the prosecution to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App.
2007).

The
jury found Appellant guilty of possessing a controlled substance with the
intent to deliver it.  See Tex. Health & Safety Code Ann.
§§ 481.102(1), 481.112(a) (West 2010).  “Possession”
is defined as “actual care, custody, control, or management.” 
Id. § 481.002(38).  “Deliver” means to transfer a
controlled substance to another.  Id. § 481.002(8).  The
offense is a first degree felony if the amount of the controlled substance is
four grams or more but less than two hundred grams.  Id. §
481.112(d).

To
prove unlawful possession of a controlled substance, the State must show
that:  (1) the accused exercised control, management, or care over the
substance; and (2) the accused knew the matter possessed was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Joseph v. State,
897 S.W.2d 374, 376 (Tex. Crim. App. 1995).  “Whether this evidence
is direct or circumstantial, ‘it must establish, to the requisite level
of confidence, that the accused’s connection with the drug was more than
just fortuitous.  This is the whole of the so-called “affirmative
links” rule.’”  Poindexter, 153 S.W.3d at
405–406 (quoting Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995)).

The
“affirmative links rule” is designed to protect the innocent
bystander from conviction based solely upon his fortuitous proximity to someone
else’s drugs.  Id.; see United States v. Phillips, 496
F.2d 1395, 1397 (5th Cir. 1974) (“Proof of mere proximity to contraband
is not sufficient to establish actual constructive possession or the element of
knowledge.”), cert. denied, 422 U.S. 1056 (1975).  The rule
simply restates the common-sense notion that a person—such as a father,
son, spouse, roommate, or friend—may jointly possess property like a
house but not necessarily jointly possess the contraband found in that
house.  Id. (citing United States v. Smith, 930 F.2d 1081,
1086–87 (5th Cir. 1991)).  Thus, the court of criminal appeals has
formulated the rule that “[w]hen the accused is not in exclusive
possession of the place where the substance is found, it cannot be concluded
that the accused had knowledge of and control over the contraband unless there
are additional independent facts and circumstances which affirmatively link the
accused to the contraband.”  Id. (quoting Deshong v. State,
625 S.W.2d 327, 329 (Tex. Crim. App. 1981)).

The
jury, as trier of fact, was entitled to draw reasonable inferences from the
evidence and under the appropriate standard of review, we will uphold those
inferences if they are supported by the evidence viewed in the light most
favorable to the verdict.  See Hooper v. State, 214 S.W.3d 9, 13
(Tex. Crim. App. 2007).  Circumstantial evidence is as probative as direct
evidence in establishing the guilt of an actor, and circumstantial evidence
alone can be sufficient to establish guilt.  Id. (citing Guevara
v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)).  It is enough if
the jury’s conclusion is warranted by the combined and cumulative force
of all the incriminating circumstances.  Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1046
(1994). 

Discussion

At trial,
Officer James Williams testified that on two days during the week before the
search, he had conducted surveillance on the duplex and observed Appellant
opening the door of the duplex for “several different people,” each
of whom only stayed for fifteen to twenty minutes.  On the day of the
search, Officer Williams saw a red Acura, that had been there before, parked in
front of the duplex.  Alvin Lightner, a suspected drug dealer, left the
duplex and drove away in the Acura.  Lightner was pulled over a few
minutes later and found to have $6,010 in cash.  Appellant points to the
fact that he had very little money on his person at the time of his arrest as a
fact that “diminish[es] any possible link between Appellant and the
cocaine.”  However, the jury could have reasonably concluded that
Lightner had sold cocaine to Appellant during the fifteen to twenty minutes he
was inside the duplex.  It is reasonable for a fact finder to conclude
that even a dealer must have a supplier.

In
the house, officers found baggies of cocaine hidden in a doorframe compartment,
a “fairly common” hiding spot.  Officer Williams described the
bag of cocaine as being divided into one large bag and a number of small bags
of “user amount[s].”  Inside the closet below the hidden doorframe
compartment, officers found a blue jacket with another bag of cocaine in one of
the pockets.  The total amount of cocaine found at the duplex was 29.67
grams.

Officers
found digital scales and baggies in the kitchen near a cell phone.  On the
cell phone, the police found a number of pictures of Appellant that appear to
have been taken by him.  In one picture, Appellant was holding a large
plant in front of him that Officer Williams identified as a marijuana
plant.  Another picture showed Appellant lying on the couch that officers
saw in the living room of the duplex.  The cell phone’s home screen
“wallpaper” was a picture of Appellant with the phrase
“$$$$LUCK$$$” on it.  Another picture on the phone showed Appellant
wearing the blue jacket that was found in the closet with cocaine in the
pocket.  Appellant argues that a picture he presented at trial showing
Timothy Johnson wearing a t-shirt identical to one worn by Appellant in a
different photograph is evidence that “[i]t is just as likely that Timothy
Johnson put the cocaine in the pocket [of the jacket], as it is that Appellant
put the cocaine in the pocket.”  However, the jury was not required
to believe that the t-shirt in Johnson’s picture was the exact same shirt
as worn by Appellant, or if it was, that evidence that the two men shared a
t-shirt was evidence that they shared a jacket.  The jury was presented
with these same arguments and they were free to believe or disbelieve these
conflicting theories.  See Goodman v. State, 66 S.W.3d 283, 287 (Tex.
Crim. App. 2001) (stating that it “is a jury, not a reviewing court, that
accepts or rejects reasonably equal competing theories”); Gregory v.
State, 159 S.W.3d 254, 261 (Tex. App.—Beaumont 2005, pet.
ref’d); see also Simmons v. State, 282 S.W.3d 504, 508 (Tex. Crim.
App. 2009) (“[W]hen there are two permissible views of the evidence (one
tending to connect the defendant to the offense and the other not tending to
connect the defendant to the offense), appellate courts should defer to that
view of the evidence chosen by the fact-finder.”).

Although
Appellant was not in the house when the police entered, Officer Williams
testified that he saw Appellant answer the door “no greater than 15
minutes before the execution of the search warrant.”  Although Johnson
was the only person found in the house when the police entered, he admitted
that Appellant had fled through the attic.  Sergeant Russell Johnson
testified that the partition in the attic crawlspace separating the two
residences had been cut out and plywood laid down so that a person could crawl
between the two attics.  Appellant’s ex-girlfriend presented
pictures she had taken of the attic showing that the partition completely
blocked off access to the other residence, but she also admitted that the pictures
were taken a year after the search and that she did not know the condition of
the attic at the time of the search.  Sergeant Johnson testified that when
Appellant was found in the bathroom of the adjacent residence, he had
insulation on him of the same type found in the attic.  See Simmons,
282 S.W.3d 504 at 508 (“In determining whether non-accomplice evidence
tends to connect a defendant to the offense, we have stated that ‘the
evidence must simply link the accused in some way to the commission of the
crime and show that “rational jurors could conclude that this evidence
sufficiently tended to connect [the accused] to the
offense.’’”) (quoting Malone v. State, 253 S.W.3d 253,
257 (Tex. Crim. App. 2008)).  The jury could have reasonably believed that
Appellant attempted to flee from the police by crawling through the attic and
could have reasonably inferred Appellant’s guilt based on that
attempt.  See Clayton, 235 S.W.3d at 780 (“We have recognized
that a factfinder may draw an inference of guilt from the circumstances of
flight.”).

Officer
Williams testified that based on what he observed in the duplex, and his
experience as a narcotics officer, he believed that Appellant was involved in
drug dealing.  The small baggies of cocaine were consistent with street-level
packaging for distribution, which would have been accomplished by the use of
the paraphernalia present—the digital scales and the baggies.  That
the drugs were hidden is indicative of drug dealing.  The pattern of
visitor traffic to the residence was also consistent with the delivery of
drugs.  Although no evidence was presented showing that Appellant owned or
rented the duplex, Officer Williams testified that he believed that Appellant,
by answering the door and allowing a number of people into the house, was
exercising control over the residence.  Further, officers also found a
court document with Appellant’s name on it and a letter addressed to
Appellant at a different address.  Based on the evidence presented, we
hold that the jury was able to reasonably infer that Appellant possessed a
controlled substance with the intent to deliver.  Viewing the evidence in
the light most favorable to the jury’s verdict and deferring to the
jury’s implicit resolution of the weight of the evidence, we hold that
the evidence is legally sufficient to support the jury’s verdict. 
We overrule Appellant’s sole issue.

Conclusion

          Having
overruled Appellant’s sole issue, we affirm the judgment of the trial
court.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 29,
2011









[1]See Tex. R. App. P. 47.4.





[2]Appellant’s sentence
was enhanced as a repeat offender.