02-11-534,535-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00535-CR

 

 









 
 
 Mario
 H. Yovanovitch
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 2
  
 of
 Tarrant County (1238882D)
  
 March
 7, 2013
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot








 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00534-CR

NO. 02-11-00535-CR

 

 


 
 
 Mario H. Yovanovitch
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Mario H. Yovanovitch of two cases of aggravated
robbery with a deadly weapon, each charged in a separate multi-count indictment,
and assessed his punishment at seventy years’ confinement, enhanced by a prior
felony conviction, in each case.  The jury also returned an affirmative deadly
weapon finding in each case.  The trial court sentenced Appellant accordingly.  In
his sole issue, Appellant argues that the trial court erred by refusing to
grant an instructed verdict of acquittal because the evidence is insufficient
to convict him of the aggravated robbery offenses in that the accomplice
testimony was not corroborated.  Because we hold that the evidence is
sufficient to support the jury’s verdict in each case and that the accomplice
testimony was adequately corroborated, we affirm the trial court’s judgments.

Brief
Facts

On
April 14, 2009, Appellant began working at a Dairy Queen in Arlington, Texas. 
The manager, Virginia McCoy, terminated his employment on May 10, 2009.  On the
morning of May 11, 2009, McCoy was counting money in the back of the restaurant
when a masked gunman entered her office and demanded the money in sight and also
that hidden in the drawer.  McCoy testified that, based on the robber’s knowledge
of where the additional cash was kept, she believed that he was a former
employee.

On
May 23, 2009, there was another robbery at the Arlington Dairy Queen, but this
time two men committed the robbery.  McCoy testified that the man who came to
the back where she was again counting money was the same robber who had committed
the first robbery and that he asked for the visible and hidden money in the
same manner.  Finally, although she had never before suggested that she
recognized the voice of either robber, McCoy testified that after reviewing the
tapes of the second robbery, she had determined that she recognized the voice
of the robber who demanded the money and that it was Appellant’s.  She
acknowledged on cross-examination that although she had reviewed the tapes
after the robbery, before trial she “couldn’t put the voice with the face” and
that she “just knew the voice was familiar.”

Appellant’s
accomplice in the second robbery, Sean Rafferty (Rafferty), agreed to testify
against Appellant at trial in exchange for a fifteen-year sentence.  Rafferty
testified that he had known Appellant for several months when Appellant
approached him for help in robbing the employees at the Dairy Queen.  Rafferty
also testified that Appellant’s sister, Roxanne Yovanovitch, acted as their
getaway driver in her gray Suburban.  Rafferty further testified that he and
Appellant put on masks, entered the restaurant, and stole the money at
gunpoint.  Finally, Rafferty testified that Appellant also told him about the
previous Dairy Queen robbery that Appellant had committed.

Roxanne
testified at trial that she drove the getaway car for the first robbery and
again for the second, which Appellant committed with Rafferty.

The
State also called Matthew McCarty, who testified that he was working at Dairy
Queen when both robberies occurred; during the first robbery, the robber seemed
to have inside knowledge; and following the second robbery, McCarty saw the men
get into a gray Suburban.  McCarty testified that the man who committed the
first robbery was one of the two who committed the second robbery.

The
State also called Rafferty’s mother, Yvonne, who testified that her son and
Appellant were friends, Appellant’s sister Roxanne drove a grey Suburban, and
the police recovered Appellant’s hat from Yvonne’s apartment.  Throughout the
trial, Appellant was referred to as both Mario Hernandez and Mario Yovanovitch.
 Yvonne explained that she knew him as Yovanovitch.

Sufficiency
of the Evidence

The
accomplice-witness rule is a statutorily imposed sufficiency review and is not
derived from federal or state constitutional principles that define legal
sufficiency standards.[2] 
The accomplice-witness rule, which is set out in Article 38.14 of the code of
criminal procedure, provides that

[a] conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense.[3]

When
evaluating the sufficiency of corroboration evidence under the
accomplice-witness rule, we “eliminate the accomplice testimony from
consideration and then examine the remaining portions of the record to see if
there is any evidence that tends to connect the accused with the commission of
the crime.”[4] 
To meet the requirements of the rule, the corroborating evidence need not prove
the defendant’s guilt beyond a reasonable doubt by itself.[5]  Nor is it necessary for the
corroborating evidence to directly link the accused to the commission of the
offense.[6] 
Rather, the evidence must simply link the accused in some way to the commission
of the crime and show that “rational jurors could conclude that this evidence
sufficiently tended to connect [the accused] to the offense.”[7]

There
is no set amount of nonaccomplice corroboration evidence that is required for
sufficiency purposes; “[e]ach case must be judged on its own facts.”[8]  Circumstances
that are apparently insignificant may constitute sufficient evidence of
corroboration.[9]

Accomplices
Rafferty and Roxanne both testified about both robberies.  Rafferty provided
details about the second robbery that occurred on May 23, 2009, the one in
which he participated, and also testified that Appellant told him that he had
committed the first Dairy Queen robbery.  Roxanne testified that she was the
getaway driver for both robberies.

McCoy
testified that the man who, on May 23, 2009, came to the back of the Dairy
Queen and robbed her where she was counting money was the same robber who had
committed the first robbery and that he asked for the visible and hidden money
in the same manner.  She also testified that she recognized Appellant’s voice
from the surveillance tapes of the second robbery.  Her testimony tends to
connect Appellant to both offenses.  Whether the jury found her testimony
credible in light of her testimony on cross-examination was an issue for the
jury alone.

Additionally,
Appellant was left-handed and had worked at that Dairy Queen before the first
robbery.  The May 23 robber held the gun in his left hand.  The evidence further
suggested that the man who committed the May 23 robbery also committed the
first robbery and that that man was sufficiently familiar with the practices of
the employees and the locations of the money to suggest that he had been an
employee.  In the video of the second robbery shown to the jury, the
left-handed robber was wearing a hat that Yvonne identified as the same hat the
police had found at her house and that she had identified as being worn by Appellant.
 She also identified the robber in the video as Appellant.

Officer
Wright testified that he was able to connect the robberies to Appellant and his
accomplices through the store videos.  Witnesses on the scene of the second robbery
testified that Appellant escaped in the vehicle Yvonne identified as belonging
to Roxanne.

Applying
the appropriate standard of review, we hold that the evidence was sufficient to
support the jury verdicts and that the accomplice testimony was adequately
corroborated.  Consequently, the trial court did not err by overruling
Appellant’s motion for instructed verdict.  We overrule Appellant’s sole issue
and affirm the trial court’s judgments.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
March 7, 2013









[1]See Tex. R. App. P. 47.4.





[2]Cathey v. State,
992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999), cert. denied, 528 U.S.
1082 (2000).





[3]Tex. Code Crim. Proc. Ann.
art. 38.14 (West 2005).





[4]Malone v. State,
253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (quoting Solomon v. State, 49
S.W.3d 356, 361 (Tex. Crim. App. 2001)).





[5]Malone, 253 S.W.3d
at 257; Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999); Gill
v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).





[6]Cathey, 992 S.W.2d at
462.





[7]Simmons v. State,
282 S.W.3d 504, 508 (Tex. Crim. App. 2009); see McDuff v. State,
939 S.W.2d 607, 613 (Tex. Crim. App.), cert. denied, 522 U.S.
844 (1997).





[8]Malone, 253 S.W.3d
at 257 (quoting Gill, 873 S.W.2d at 48).





[9]Trevino, 991 S.W.2d
at 852.