# NO. 12-13-00386-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE OWENS, III,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Willie Owens, III, appeals his conviction for five counts of possession with intent to deliver cocaine. In three issues, Appellant contends that (1) the confidential informant's testimony lacked sufficient corroboration, (2) the evidence is insufficient to support his conviction, and (3) the State failed to disclose exculpatory or mitigating evidence. We affirm.

## BACKGROUND

On five separate occasions in May, June, and July of 2012, Appellant delivered cocaine to Valentine Hernandez, a confidential informant (CI) working for the Lufkin Police Department. Two of the deliveries were made at a local washateria. The other three deliveries were at or near defendant's house.

Scott Hamel, an investigator with the Lufkin Police Department, was in charge of the investigation. He was assisted by Officer Robert Scott and Sergeant Michon of the Lufkin Police Department Narcotics Division. All three officers were present when the CI made the phone calls to the same number to set up each buy. After the CI arranged for each transaction, he and his vehicle were searched for drugs and money. The CI was then fitted with an audio and video recorder, and given $160.00 to buy cocaine. The agents monitored the recording devices during the buy. When the CI returned with the purchased cocaine, he was subjected to another search.

Robert Scott testified that he had used the CI (Hernandez) in numerous narcotics investigations and had always found him reliable. Hernandez testified that he had done the same sort of undercover work for several police departments around the state. He had no charges pending against him, and he was paid in money for his work, the amount depending on the circumstances. Neither Hernandez nor Investigator Hamel could remember the exact amounts Hernandez was paid.

Registration records showed Appellant was the owner of the automobile where one of the buys took place. The residence where three of the deliveries occurred was connected to Appellant through a water bill in his name. The trial court viewed the audio and video recordings of the buys.

<u>CORROBORATION OF THE INFORMANT</u>

In his first issue, Appellant contends that the informant's testimony is not corroborated by other evidence tending to connect him to the offenses committed.

## Standard of Review and Applicable Law

A defendant may not be convicted of an offense under the Texas Controlled Substances Act on the testimony of a person who is not a licensed peace officer but is acting covertly on behalf of a law enforcement agency, unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.141(a) (West Supp. 2014). Corroboration is not sufficient if it shows only the commission of the offense. *Id.* art. 38.141(b). The corroborating evidence need not be sufficient, standing alone, to prove the defendant's guilt beyond a reasonable doubt. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). It need only link the defendant in some way with the commission of the crime. *Id*.

"[W]hen weighing the sufficiency of the corroborating evidence under Article 38.141(a), a reviewing court must exclude the testimony of the covert agent from consideration and examine the remaining evidence . . . to determine whether there is evidence that tends to connect the defendant to the commission of the offense." *Id.* at 258. The corroborative evidence must be sufficient to show that "rational jurors could conclude that the evidence sufficiently tended to connect the accused to the offense." *Id.* at 257.

2

**Discussion**

The evidence shows that before each of the buys, the CI was searched for drugs and money. He was then equipped with both an audio and video recorder and given money to buy the cocaine. On his return, the CI delivered the audio and video recording to the agents along with the cocaine purchased. A search of the CI and his auto, if one was used, revealed no drugs or money. The same phone number was called to set up each transaction. Two of the buys occurred at Appellant's residence. A water bill in his name linked Appellant to the residence. A photograph on the driver's license for Willie Owens, III matched the seller in all five videos and the defendant in the courtroom. One of the buys occurred in a vehicle registered to Appellant.

The corroborating evidence was more than sufficient for rational jurors to conclude that it tended to connect Appellant to the crime committed. Appellant's first issue is overruled.

**SUFFICIENCY OF THE EVIDENCE**

In his second issue, Appellant maintains that the totality of the evidence is insufficient to support his conviction.

In determining a challenge to the legal sufficiency of the evidence, the reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).

In this case, the State was required to prove that on or about the dates alleged, the accused knowingly possessed with intent to deliver cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112 (Vernon 2010). To establish possession of a controlled substance, the State had to prove that (1) the accused exercised control, management, or care over the substance, and (2) the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

The CI testified that Appellant hand delivered cocaine to him on each of the five occasions alleged. The audio and video recordings confirmed that Appellant was present with the CI at all five buys. Department of Public Safety laboratory reports in evidence established that the substance delivered on each occasion was cocaine and noted the weight of the cocaine

3

delivered. In addressing Appellant's first issue, we enumerated the other substantial corroborative evidence connecting Appellant to the offenses charged.

The evidence is legally sufficient to support Appellant's conviction. Appellant's second issue is overruled.

**EXCULPATORY OR MITIGATING EVIDENCE**

In his third issue, Appellant complains that the State failed to disclose exculpatory or mitigating documents. Specifically, he contends the State failed to disclose the CI's cooperation agreement with the Lufkin Police Department and the amount of the payments made to the CI.

**Applicable Law**

Article 39.14 of the Texas Code of Criminal Procedure provides, as follows:

> (h) Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.

TEX. CODE CRIM. PROC. ANN. art. 39.14(h) (West Supp. 2014).

The State has an affirmative and ongoing duty to disclose evidence favorable to the accused and material to his guilt or punishment under the due process clause of the Fourteenth Amendment. **Brady v. Maryland**, 373 U.S. 83, 87-88, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963). This duty attaches with or without a request for the evidence. *See **United States v. Bagley***, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985). The defendant must present evidence that (1) the prosecution suppressed or withheld evidence, (2) the evidence would have been favorable to the accused, and (3) the evidence would have been material to the accused's defense. **Michaelwicz v. State**, 186 S.W.3d 601, 613 (Tex. App.—Austin 2006, pet. ref'd). Favorable evidence includes impeachment evidence. **Little v. State**, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). Evidence is "material" if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. **Id**. A determination of materiality usually involves balancing the strength of the exculpatory evidence against the evidence supporting the conviction. **Hampton v. State**, 86 S.W.3d 603, 613 (Tex. Crim. App. 2002).

4

**Discussion**

Appellant argues that if the State had disclosed the CI's background and cooperation agreements before trial, he could have learned the amount of the payments to the CI. With that information, he contends, he could have discredited the CI by showing that he had a financial motive, as a professional informant, to "take people off the streets." Therefore, he maintains the CI's file could have affected the case and should have been disclosed.

Investigator Scott Hamel, the agent in charge, and Hernandez, the CI, testified that Hernandez was paid money for his work. Neither could recall how much Hernandez was paid in this case. Hernandez told the court that the amounts paid varied with the circumstances. The State produced the CI's file at the hearing on Appellant's motion for new trial.

The disclosure of the amounts paid Hernandez would have made no difference in conviction or acquittal. Nor would the information have served to mitigate Appellant's guilt or lessen the sentence imposed. The State's witnesses acknowledged that Hernandez was paid money for his part in the investigation. We cannot perceive, nor has Appellant explained, how the knowledge of the exact amounts paid could have served to "dispute, disparage, deny, or contradict" the CI's testimony. *See **Thomas v. State***, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992). We conclude that the State did not suppress or withhold exculpatory, impeachment, or mitigating evidence from Appellant. Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.

**BILL BASS**
Justice

Opinion delivered August 5, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 5, 2015**

**NO. 12-13-00386-CR**

**WILLIE OWENS III,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court
of Angelina County, Texas (Tr.Ct.No. 2013-0215)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*