

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00415-CR

**MARQUISE DAVAR HODGE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 44392CR**

## MEMORANDUM OPINION

Marquise Davar Hodge was convicted of burglary of a habitation, enhanced by a prior conviction, and sentenced to 25 years in prison. Because the trial court did not err in denying Hodge's motion to suppress and because the evidence was sufficient to corroborate the accomplice witness testimony, the trial court's judgment is affirmed.

**BACKGROUND**

A house in Ellis County was burglarized, and over $30,000 in guns and ammunition were taken. The homeowner's son, who had been to reform school because

of a history of criminal activity, was set up by some of his former criminal colleagues. These colleagues allowed others, including Hodge, into the house where they forced the son to open the gun safe. Most of the guns and ammunition were eventually recovered by police and returned to the homeowner.

**MOTION TO SUPPRESS**

In his first issue, Hodge complains that the trial court erred in denying Hodge's motion to suppress photographic evidence based on a specific search warrant.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review, affording almost complete deference to the trial court's determination of historical facts, especially when those determinations are based on assessments of credibility and demeanor. *Lerma v. State*, 543 S.W.3d 184, 189-90 (Tex. Crim. App. 2018); *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016). The same deference is afforded the trial court with respect to its rulings on application of the law to questions of fact and to mixed questions of law and fact if resolution of those questions depends on an evaluation of credibility and demeanor. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). However, for mixed questions of law and fact that do not fall within that category, as in this case, a reviewing court may conduct a *de novo* review. *Id*.

Hodge was arrested by agents of the Attorney General's Office in Austin on August 20, 2018, and four cell phones were found, two on Hodge and two in his vehicle. On August 23, 2018, the trial court signed a search warrant authorizing the seizure of the cell phones in Travis County and their transport to Ellis County. On September 19, 2019, the trial court signed a second search warrant authorizing the search of the cell phones.

Hodge complains that photos seized from the cell phones should be suppressed because the August 2018 warrant did not meet the requirements of Article 18.0215 of the Code of Criminal Procedure since the warrant was signed by an Ellis County judge when the phones were located in Travis County. Article 18.0215 provides that a peace officer may not *search a person's cellular telephone* or other wireless communications device, pursuant to a lawful arrest of the person without obtaining a warrant pursuant to article 18.0215. TEX. CODE CRIM. PROC. art. 18.0215(a) (emphasis added). An article 18.0215 warrant may be issued only by a judge in the same judicial district as the site of the law enforcement agency that employs the peace officer if the cellular telephone or other wireless communications device is in the officer's possession or the likely location of the telephone or device. *Id*. (b). However, a search warrant may be issued to *search for and seize* a cellular telephone or other wireless communications device subject to Article 18.0215. TEX. CODE CRIM. PROC. art. 18.02(a)(14) (emphasis added). In other words, a warrant may be issued under article 18.02(a)(14) to look for and obtain a cell phone, but if the contents of the cell phone itself will be searched, article 18.0215 must be followed.

The August 2018 warrant was not subject to article 18.0215 because it was not for the search *of* Hodge's cell phones. The August 2018 warrant authorized only the "seizure and subsequent transfer" of the cell phones from the arresting agency, the Office of the Attorney General, to the Ellis County Sheriff's Office. The cell phones were searched *only after* the issuance of another warrant in September of 2019 which complied with article 18.0215. Hodge does not complain about that warrant.

Because the August 2018 warrant only authorized the seizure of the cell phones and not their search, article 18.0215 was not implicated. Accordingly, the trial court did not err in denying Hodge's motion to suppress, and Hodge's first issue is overruled.

**SUFFICIENCY OF ACCOMPLICE WITNESS CORROBORATION**

In his second issue, Hodge contends the evidence was insufficient to corroborate the accomplice witness testimony, and thus, was insufficient to support his conviction.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is

sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018). Even evidence that is improperly admitted is considered in determining whether the evidence is sufficient to support a conviction. *Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016).

A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by evidence tending to connect the defendant to the offense committed. TEX. CODE CRIM. PROC. art. 38.14. Corroboration is not sufficient if it merely shows that the offense was committed. *Id.* In conducting a sufficiency review under the accomplice-witness rule, a reviewing court eliminates all the accomplice testimony from consideration and then examines the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007); *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). "Tendency to connect," rather than rational sufficiency, is the standard: the corroborating evidence need not be sufficient by itself to establish guilt. *Solomon v. State*, 49 S.W.3d 356, 361. The accomplice-witness rule is not based upon

federal or state constitutional notions of sufficiency; there simply needs to be "other" evidence tending to connect the defendant to the offense. *Id.* Further, there is no set amount of non-accomplice corroboration evidence that is required for sufficiency purposes; "[e]ach case must be judged on its own facts." *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). Circumstances that are apparently insignificant may constitute sufficient evidence of corroboration. *Id.* Possession, and even non-exclusive possession, of stolen property can corroborate accomplice testimony. *Herron v. State*, 86 S.W.3d 621, 633 (Tex. Crim. App. 2002); *Keith v. State*, 384 S.W.3d 453, 457 (Tex. App.—Eastland 2012, pet. ref'd).

In this case, the accomplice testimony was corroborated by many photographs taken shortly after the offense. Hodge had two cell phones in his pocket when he was arrested. One of those phones had an "SD" card that held numerous photographs of the stolen firearms and of a green Mazda vehicle connected to the offense and to Hodge's arrest. Some of the photos of the stolen firearms were taken on the day of the offense and were identified by an investigator as being taken on the back porch of one of the accomplices. Hodge was arrested as he was attempting to enter the green Mazda. Photos of that Mazda were also on the SD card. Further, an investigator was able to trace the date and locations those photographs were taken to Hodge's apartment complex two days after the offense, and two of the accomplices were seen on surveillance video in the same car shortly after the offense, near the location where the stolen firearms were photographed. Additionally, selfie-style pictures of Hodge were on the SD card from the same date, permitting the jury to infer that Hodge took both the selfies and the pictures

of the stolen firearms.  Thus, the photographs tended to connect Hodge to the offense.

Hodge argues that any accomplice could have taken the photographs of the stolen firearms.  However, the jury was permitted to infer from the evidence that Hodge took both the selfies and the pictures of the stolen firearms, and thus, we defer to the jury's resolution of possible interpretations of non-accomplice evidence.  *See Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011).  Hodge also argues that the photographs should not be considered because the phones were improperly searched.  However, as discussed in Hodge's first issue, the phones were properly searched pursuant to a search warrant.  Further, even if the phones were not properly searched, improperly admitted evidence must be considered when evaluating the sufficiency of the evidence.  *Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016); *Hernandez v. State*, 585 S.W.3d 537, 551 (Tex. App.—San Antonio 2019, pet. ref'd) (applying rule to accomplice corroboration).  Thus, regardless of the propriety of their admission, because the photographs were admitted before the jury, they are properly considered when determining whether the accomplice testimony was corroborated.

Based on the evidence presented, the photographs tended to connect Hodge to the offense, and thus, corroborated the accomplice testimony.  Because the accomplice testimony was corroborated, the evidence is sufficient to support Hodge's conviction.  Hodge's second issue is overruled.

PRONOUNCE SENTENCE

In his third issue, Hodge contends the trial court violated article 42.03 of the Texas Code of Criminal Procedure by failing to pronounce the sentence in Hodge's presence.

This Court abated the appeal to the trial court to pronounce Hodge's sentence in his presence. We reinstated the appeal when the trial court complied with our abatement order. Hodge does not complain about the actions this Court took or the subsequent pronouncement of Hodge's sentence in his presence. Accordingly, Hodge's third issue is overruled.

CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Johnson, and
       Justice Smith
Affirmed
Opinion delivered and filed February 23, 2022
Do not publish
[CRPM]

