

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00070-CR

---

WALTER WAYNE HALL, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 20,005

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

An Upshur County jury convicted Walter Wayne Hall of delivery of four grams or more but less than 200 grams of methamphetamine, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Supp.). In accordance with the jury's assessment, the trial court sentenced Hall to thirty-five years' imprisonment and imposed a $5,000.00 fine.

On appeal, Hall argues (1) that the jury convicted him based on the uncorroborated testimony of a confidential informant, (2) that he was egregiously harmed by the omission of a jury-charge instruction requiring corroboration of the confidential informant's testimony, and (3) that the judgment must be modified to show that Hall did not plead guilty to the offense. We find that the testimony of the confidential informant was sufficiently corroborated and that, as a result, Hall did not suffer egregious harm from the lack of a corroboration instruction in the jury charge. Even so, we sustain Hall's third point of error and modify the judgment to reflect that Hall pled "not guilty" to the offense. As modified, we affirm the trial court's judgment.

## I. Sufficient Evidence Corroborated the Confidential Informant's Testimony

Hall argues that he was convicted based on the non-corroborated testimony of a confidential informant, in violation of Article 38.141 of the Texas Code of Criminal Procedure. That Article states,

> A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

TEX. CODE CRIM. PROC. ANN. art. 38.141(a) (Supp.). To review this claim, we review the testimony admitted at trial.

### A. The Evidence at Trial

Joshua Lambert, an officer with the Gilmer Police Department, testified that Jared Jackson was the confidential informant who engaged Hall in a controlled buy of methamphetamine. The record shows that Jackson had previously been to prison for possession of controlled substances and had a case pending against him for possession of less than one gram of methamphetamine. On advice of his attorney, Jackson decided to become a confidential informant for Lambert.

Lambert testified that he and Jackson decided to target Hall as the subject of a controlled buy, and Jackson testified that he contacted Hall to tell him that he was looking to purchase methamphetamine. After Hall agreed to facilitate a drug purchase, Lambert and Jackson met at a neutral location. Lambert testified he searched Jackson's vehicle and person thoroughly before the controlled buy, outfitted the vehicle with two covert cameras and a GPS tracking device, and provided Jackson with $120.00 to make the purchase.

As shown on the recording, Jackson drove his vehicle to pick up Hall. After Hall climbed into Jackson's passenger seat, he began giving Jackson directions to 148 Pelican Road—the house where they would pick up the drugs. During the drive, Jackson placed a marionette in front of the camera, which obstructed the camera's view but not the recorded audio.

The recording shows that, after parking at the home on Pelican Road, Jackson audibly shuffled money while confirming he needed $120.00 to make the purchase. Jackson testified

3

that he gave the money to Hall, who left the vehicle, leaving Jackson behind in the driver's seat. Hall went into the home and returned approximately twelve minutes later.

Although the drugs were not seen on the recording, Jackson testified that Hall returned with a "bag of methamphetamine." Hall can be heard saying, "It's pretty good dope. I hit the bong two or three times. It's good. It's pretty good, real good." Hall told Jackson to "hold on tight and buckle everything down you've got." Jackson testified that he dropped Hall off, drove to Lambert, and gave Lambert the bag of methamphetamine that Hall had handed him.

Lambert confirmed that Hall was the only other person in Jackson's vehicle during the controlled buy and that Jackson purchased methamphetamine during the controlled buy. Laboratory analysis determined that the bag contained 12.10 grams of methamphetamine.

### B.      Standard of Review

When reviewing sufficiency of the evidence to corroborate a confidential informant's testimony, we "must exclude the testimony of the [confidential informant] from consideration and examine the remaining evidence (i.e., non-covert agent evidence) to determine whether there is evidence that tends to connect the defendant to the commission of the offense." *Malone v. State*, 253 S.W.3d 253, 258 (Tex. Crim. App. 2008). "The tends-to-connect standard does not present a high threshold . . . ." *Turner v. State*, 571 S.W.3d 283, 287 (Tex. App.—Texarkana 2019, pet. ref'd). "Rather, the evidence must simply link the accused in some way to the commission of the crime." *Id.* (quoting *Malone*, 253 S.W.3d at 257).

We must view the corroborating evidence in the light most favorable to the verdict. *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994) (reviewing sufficiency of accomplice-

4

witness testimony). Evidence showing "that the accused was at or near the scene of the crime at or about the time of its commission, when coupled with other suspicious circumstances, may tend to connect the accused to the crime so as to furnish sufficient corroboration to support a conviction." *Malone*, 253 S.W.3d at 257 (quoting *Brown v. State*, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984)).

### C.    The Confidential Informant's Testimony Was Sufficiently Corroborated

Here, aside from Jackson's testimony, we find that ample evidence tended to connect Hall to the offense. A recording from a hidden camera, like the one Lambert placed in Jackson's car, "constitutes an important piece of corroborating evidence." *Id.* at 259. "The fact that [Jackson] served as the sponsoring witness for the video exhibit does not preclude it from serving as corroborating evidence because the jury was able to watch the video and make its own determination regarding the images [and audio] depicted in the video." *Cook v. State*, 460 S.W.3d 703, 710 (Tex. App.—Eastland 2015, no pet.) (citing *Cantelon v. State*, 85 S.W.3d 457, 459–62 (Tex. App.—Austin 2002, no pet.)).

Lambert's testimony shows that he enlisted Jackson to make a controlled buy targeting Hall. From the hidden-camera footage, the jury saw that Hall and Jackson were alone in the car when they arrived at the Pelican Road residence, heard Jackson counting the money that Lambert had given him, and saw Hall leave Jackson's car while Jackson waited for Hall to return from the house. The recording also shows that, when Hall returned, he said that he used drugs while inside and described them as being of good quality. Lambert testified that he installed a GPS tracking device, which shows that Jackson returned to Lambert after dropping Hall off at his

5

original location. Lambert explained that he had thoroughly searched Jackson before the controlled buy to confirm that he had no drugs on his person but that Jackson had methamphetamine after the transaction. Both Jackson and Lambert testified that Hall was the person who had given Jackson the methamphetamine.

To sufficiently corroborate confidential informant testimony,

"[a]ll the law requires is that there be *some* [other] evidence which *tends* to connect the accused to the commission of the offense. While individually these circumstances might not be sufficient to corroborate the [confidential informant] testimony, taken together, rational jurors could conclude that this evidence sufficiently *tended* to connect appellant to the offense."

*Cantelon*, 85 S.W.3d at 460–61 (first alteration in original) (quoting *Hernandez v. State*, 939 S.W.2d 173, 178–79 (Tex. Crim. App. 1997)).

After reviewing all of the evidence, we find that Jackson's testimony was sufficiently corroborated by Lambert and the hidden-camera footage. As a result, we overrule Hall's first point of error.

## II. Hall Was Not Egregiously Harmed by Jury-Charge Error

"We employ a two-step process in our review of alleged jury-charge error." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Id.* (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32)).

Hall could not be convicted based on the testimony of a confidential informant unless that testimony was corroborated by other evidence tending to connect Hall to the crime. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141(a). As a result, the omission of an Article 38.141 instruction is error. *Cook*, 460 S.W.3d at 710–11 (citing *Simmons v. State*, 205 S.W.3d 65, 77 (Tex. App.—Fort Worth 2006, no pet.)); *see Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013).

Since Hall did not object to the jury charge on this ground, the trial court will be reversed "only in the event that the record demonstrates that the error resulted in egregious harm." *Casanova v. State*, 383 S.W.3d 530, 533 (Tex. Crim. App. 2012) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988)). "An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015) (quoting *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). "Actual harm is established when the erroneous jury instruction affected 'the very basis of the case,' 'deprive[d] the defendant of a valuable right,' or 'vitally affect[ed] a defensive theory.'" *Id.* (alterations in original) (quoting *Cosio*, 353 S.W.3d at 777 (citing *Almanza*, 686 S.W.2d at 171 (op. on reh'g))).

"Under the 'egregious harm standard,' the omission of a corroborating-evidence instruction may be rendered harmless if other evidence than the testimony of the accomplice witness or informant does exist that fulfills the purpose of the instruction." *Cook*, 460 S.W.3d at 711 (quoting *Simmons*, 205 S.W.3d at 77). "[T]he omission of an [informant] witness instruction is generally harmless unless the corroborating . . . evidence is 'so unconvincing in fact as to

render the State's overall case for conviction clearly and significantly less persuasive.'" *Id.* (alterations in original) (quoting *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).

We have already concluded that there is sufficient corroborating evidence to support Jackson's testimony and that the corroborative evidence was not so unconvincing that it rendered the State's overall case clearly and significantly less persuasive. Instead, given the hidden-camera footage, we find that the omission of a jury instruction on the corroboration requirement had minimal to no effect. As a result, we conclude that omission of the Article 38.141 instruction did not affect the very basis of Hall's case, deprive him of a valuable right, or vitally affect a defensive theory. Consequently, we overrule Hall's second point of error.

## III.    We Must Modify the Judgment

In his third point of error, Hall argues that the judgment incorrectly states that he pled guilty to the offense. Because Hall pled not guilty but was found guilty by a jury, we sustain this point of error. We have "the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). Accordingly, we modify the trial court's judgment to reflect Hall's plea of not guilty.

We also notice that the description of the offense in the trial court's judgment is incorrect. Hall was convicted under Section 481.112 of the Texas Health and Safety Code, titled

"Manufacture or Delivery of Substance in Penalty Group 1," but the offense described by the judgment is possession of a substance in penalty group 1, which is a different offense under Section 481.115 of the Texas Health and Safety Code. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Supp.) *with* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Supp.). Consequently, we modify the trial court's description to properly reflect a conviction under Section 481.112.

## IV. Conclusion

We modify the trial court's judgment to reflect that Hall pled not guilty to the offense of manufacture or delivery of a substance in penalty group 1. As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    December 4, 2025
Date Decided:    December 5, 2025

Do Not Publish